HARBRIDGE, Respondent, vs. AMERICAN NATIONAL BANK. Respondent, and WILLHITE, as Trustee, Appellant.

*April 13—May 9, 1922.*

*Attachment of shares of stock: Actual seizure: Injunction issued: Constitutional law: Classification of stock.*

1. The provision of sec. 2989, Stats., that no attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized or surrendered or its transfer enjoined, though separated by a semicolon from a provision relating to railroad stock, applies to all corporate stock.

2. Whether there is any efficiency in an injunction restraining the transfer of stock not actually seized is a matter for the legislature to determine, and, it having included such injunction in sec. 2989 as one of the ways of making an attachment effective, the courts will not question its evident conclusion that a restraining order has some deterring effect.

3. Sec. 1751n—22, Stats., providing that secs. 1751n—1 to 1751n—23, inclusive, shall apply only to stock certificates issued after the taking effect of such sections, does not apply to sec. 2989, relative to the attachment of corporate stock.

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

One Thornburgh owned some stock in the *American National Bank* of Racine for which on June 19, 1917, certificates were issued to and since have been held by him. A judgment was obtained against him and an attachment in aid of an execution was levied upon the stock without any manual seizure thereof by the sheriff, who afterwards sold the stock to the petitioner herein. *Willhite,* as trustee of the Mount Carmel Trust & Savings Bank, claims title by virtue of a loan equal to the value of the stock made by the bank to Thornburgh some time after the attachment. At the time of the loan Thornburgh delivered to the bank the certificates of stock. Thornburgh had notice of the attachment but the bank did not. The trial court held that the petitioner's rights acquired under the attachment were superior to the rights of the pledgee bank and ordered the stock to be turned over to him. From such order the trustee appealed.

For the appellant there was a brief by *Thompson, Myers & Kearney* of Racine, and oral argument by *W. D. Thompson.*

For the respondent *Harbridge* there was a brief by *Simmons, Walker & Wratten* of Racine, and oral argument by *John B. Simmons.*

VINJE, C. J. Assuming the attachment proceedings were regular, the question arises whether the purchaser at the sale holds title as against a *bona fide* pledgee of the stock. The answer to the question depends upon a construction of the Uniform Stock Transfer Act as incorporated into our Statutes of 1913. No manual seizure of the stock was made by the sheriff; no injunction was issued restraining the

owner from disposing of the stock; and it was not sur-
rendered to the corporation, but at all times held by Thorn-
burgh or the pledgee.   If the provision in the latter part of
sec. 2989 reading "provided, however, that no attachment
or levy upon shares of stock for which a certificate is out-
standing shall be valid until such certificate be actually seized
by the officer making the attachment or levy, or be sur-
rendered to the corporation which issued it, or its transfer
by its holder be enjoined," applies to the whole section, and
not to domestic railroad corporation stock only, as claimed
by respondent, then the title is in the pledgee because no
injunction was issued restraining Thornburgh from pledg-
ing or selling it.   This proviso is part of sec. 13 of the
Uniform Stock Transfer Act (see Terry, Uniform State
Laws, p. 345), and in that act applies to all stock embraced
within the terms of the act, including such stock as is here in
question.   When our legislature in 1913 adopted the Uni-
form Stock Transfer Act, it did so by creating secs.
1751n—1 to 1751n—23, Stats., inclusive, and the proviso
quoted was added as an amendment to sec. 2989, which
section dealt with levies upon corporate stock.   There is no
reason to suppose that the legislature intended to restrict the
meaning of the clause by its insertion in the appropriate
section which dealt with bank stock as well as railroad stock
or domestic corporate stock.   To limit it to railroad stock
only because separated from the contents of the section relat-
ing to that by a semicolon only, would be to lay too much
stress upon punctuation.   Construing the proviso as relating
to the whole subject matter of the section, we preserve the
meaning it had in the Uniform Stock Transfer Act from
which it was taken and preserve a uniform scheme of making
valid levies upon stock.   The object of the Uniform Stock
Transfer Act, already adopted by a majority of our leading
states, was to simplify and unify the transfer of stock and
make it, as far as consistent with the rights of all parties,
negotiable paper.

It is urged by respondent that there is no efficiency in an injunction restraining the transfer of stock when not actually seized. To this it may be said that that is a matter for the legislature to determine; and it evidently thought a restraining order had some deterring effect. It is not for courts to question such a conclusion. On the contrary, it is generally conceded from long judicial experience that an injunction is an efficient remedy in aid of justice.

It is further urged by the respondent that the proviso in the Uniform Stock Transfer Act, sec. 1751$n$—22, that the provisions of secs. 1751$n$—1 to 1751$n$—23, inclusive, shall apply only to certificates issued after the taking effect of such sections, creates two classes of stock not founded upon any distinction germane to the subject and therefore is unconstitutional. The matter here dealt with is the making of a valid levy on stock under sec. 2989, Stats., and it has no such proviso in it as to stock issued before or after the taking effect of the Uniform Stock Transfer Act. It will be noticed that the proviso applies only to secs. 1751$n$—1 to 1751$n$—23 as enacted into our statutes. The provision as to the invalidity of a levy on stock without its seizure or without an injunction is not found in the sections named.

It follows from what has been said that the trial court erred in holding that the petitioner was the owner of the stock. He acquired no title, because the provisions of sec. 2989 were not complied with.

*By the Court.*—Order reversed, and cause remanded with directions to enter judgment confirming title to the stock in *Willhite* as trustee.