## SOL. J. WALLACH, APPELLANT, v. LOUIS STEIN, RE-SPONDENT.

Argued January 20, 1926—Decided May 4, 1926.

The "Uniform Stock Transfer act" of 1916 (*Pamph. L., p.* 398, *Comp. Stat. Cum. Supp., p.* 690) provides, among other things, that "no attachment or levy upon shares of corporate stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined." *Held,* in the absence of any constitutional question touching the statute being raised, that an attempted levy by serving the execution at the office of the corporation, without a manucaption of the certificate, and without any surrender or injunction as contemplated by the statute, would not suffice to pass title at the execution sale.

On appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Harry Unger.*

For the respondent, *Philip J. Schotland.*

The opinion of the court was delivered by

PARKER, J.   The suit was in replevin, for certain certificates of corporate stock; but the case was tried below, and is argued here on the theory that the *res* in dispute is not so much the two printed or engraved certificates, as the interest in the corporation represented by them.   The question involved is the validity or otherwise of a levy made by the sheriff under an execution, and in the view of counsel, this turns on the applicability and construction of the "Uniform Stock Transfer" act of 1916.   *Pamph. L., p.* 398; *Comp. Stat. Cum. Supp., pp.* 690, *et seq.*   Prior to that act the procedure in levying on corporate stock had been well settled, both by statute and decision.   *Comp. Stat., p.* 2244, §§ 4, *et seq.; Princeton Bank* v. *Crozer,* 22 *N. J. L.* 383, 386; *Voor-*

*his* v. *Terhune,* 50 *Id.* 147, 160; *Mulock* v. *Ulizio, ante, p.* 251. In the last cited case an attack was made on the constitutionality of the act of 1916, which, for reasons stated in the opinion, it was unnecessary to decide. The point was called to the attention of counsel at the argument of the present case, but was not then argued, nor has it since been briefed. Consequently, we have not considered any constitutional phase of the matter, but confine ourselves to the points argued.

The plaintiff-appellant was the purchaser at execution sale. The levy was made by the sheriff at the office of the corporation and without seizure of the certificates, *i. e.,* in the manner customary before the act of 1916, and apart from that act no objection is made to the regularity of the procedure. The trial judge, sitting without jury, at first held that plaintiff had acquired a good title to the stock, but later, after the act of 1916 had been called to his attention, changed his ruling and gave judgment for defendant.

The language of the pertinent provision of the act of 1916 has already been set forth in *Mulock* v. *Ulizio, supra.* It seems, plainly enough, to require actual seizure of the certificate as a condition precedent to a valid levy, and, in fact, we so held in the Mulock case, going so far as to say that a mere momentary seizure followed by a surrender of possession by the officer is not enough. Indeed, the principal argument now made is that the act of 1916 was intended only for the benefit of the corporation and not to apply as between rival claimants; but it should be quite obvious that any such idea is not only logically faulty, but would, if applied, lead to endless confusion in practice, for, after all, what should pass under a levy and sale is the right to be recognized as a stockholder on the books of the corporation.

Dealing with the statute, therefore, as an act in force and unimpugned, the levy and sale passed no title to the stock. There is no claim that the certificates were surrendered to the corporation, or that there was any injunction as contemplated by the last clause of the section under consideration. On this basis, the judgment for defendant was correct, and should be affirmed.