STONE, Appellant, vs. WISCONSIN TAX COMMISSION and another, Respondents.

*September 14—October 9, 1928.*

For the appellant there was a brief by *Bird, Smith, Oko-*

*neski & Puchner* of Wausau, and oral argument by *C. B. Bird.*

For the respondent Tax Commission there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

OWEN, J.   In the year 1925 the plaintiff, a citizen of this state, made a sale of certain shares of the capital stock of the Klamath Falls Lumber Company, a corporation organized and existing under and by virtue of the laws of the state of Oregon, in which state all of the property of said corporation was located.   Upon such sale he realized a profit of $132,000.   An income tax was assessed upon this amount.   He claims that the profit thus realized was not subject to an income tax in this state for the reason that the situs of the stock was in Oregon and not in Wisconsin; and even though the state of Wisconsin had jurisdiction to impose an income tax on such profit, it has not attempted to do so, by reason of sec. 71.02 (3) (c), Stats. 1925, which provides:

"Income from mercantile or manufacturing business, rentals, royalties or the operation of any farm, mine or quarry, or from the sale of real or personal property for the purposes of taxation shall follow the situs of the property or business from which derived, and all other income including that derived from personal service, professions and vocations and from land contracts, mortgages, stocks, bonds and securities shall follow the residence of the recipient."

Without pausing to consider whether the purpose of this statutory provision was more than to designate the taxing district within this state in which the income tax should be assessed, we proceed at once to a consideration of appellant's contention.   It will be noted that the statute quoted provides that the income arising from a sale of personal property follows the situs of the property.   The contention is that the situs of this stock is in the state where the corporation is located.

It is not disputed that the capital stock of a corporation is personal property. In *St. Louis v. Ferry Co.* 11 Wall. (78 U. S.) 423, the supreme court of the United States said:

"In the eye of the law personal property, for most purposes, has no locality. . . . In a qualified sense it accompanies the owner wherever he goes, and he may deal with it and dispose of it according to the law of his domicile. If he die intestate, that law, wheresoever the property may be situate, governs its disposal, and fixes the rights and shares of the several distributees. But this doctrine is not allowed to stand in the way of the taxing power in the locality where the property has its actual situs, and the requisite legislative jurisdiction exists. Such property is undoubtedly liable to taxation there in all respects as if the proprietor were a resident of the same locality. The personal property of a resident at the place of his residence is liable to taxation, although he has no intention to become domiciled there. Whether the personal property of a resident of one state situate in another can be taxed in the former, is a question which in this case we are not called upon to decide."

The question thus reserved was decided adversely to the state of domicile in *Union Transit Co. v. Kentucky,* 199 U. S. 194, 26 Sup. Ct. 36, where it was held that the rolling stock of a Kentucky railroad corporation permanently located without the state was not taxable in the state of Kentucky. It was pointed out, however, in *Southern Pacific Co. v. Kentucky,* 222 U. S. 63, 32 Sup. Ct. 13, that the ruling announced in the *Union Transit Company Case* applied only where the personal property was permanently located in other states and employed therein in the prosecution of the business of the owner. In the latter case it was held that steamships plying navigable waters in foreign or interstate commerce owned by a Kentucky corporation were taxable in the state of Kentucky. It seems that the domicile of the owner is the situs of personal property for the purposes of taxation, unless the property has acquired an actual situs elsewhere.

There is plenty of authority for the proposition that shares

of stock in a corporation are personal property whose location is in the state where the corporation is created. Thompson, Corp. (2d ed.) § 3471. But it has always been held that for the purposes of taxation the situs of such shares is at the domicile of the owner. *Ibid.; Hawley v. Malden,* 232. U. S. 1, 34 Sup. Ct. 201. Although state courts have almost universally held from the earliest times that shares of stock in a corporation are assessable at the domicile of the owner, the question never reached the supreme court of the United States until 1913, when it was held in *Hawley v. Malden,* 232 U. S. 1, 34 Sup. Ct. 201, that shares of stock in a corporation created outside of the state of Massachusetts owned by a citizen of that state were properly taxable therein.

There is no question that prior to the enactment of the statute we are considering, the situs of shares of stock in a corporation for purposes of taxation was the domicile of the owner. We discover no legislative purpose to change that situs by the enactment of the statute in question. We must remember that we are dealing with a taxation statute and must assume that in speaking of the situs of the property the legislature had in mind its situs for taxation purposes. For such purposes the situs of shares of corporate stock has always been held to be at the domicile of the owner. We do not see that the provision that income from the sale of personal property shall follow the situs of the property necessarily conflicts with the other provision that "all other income, including that derived from personal service, professions and vocations and from land contracts, mortgages, stocks, bonds and securities shall follow the residence of the recipient." So far as income arising from stocks is concerned, it is taxable at the domicile of the owner under either provision. The two provisions are in harmony and not in conflict.

*By the Court.*—Judgment affirmed.