Common Pleas Court of Franklin County.

THE L. L. LEVEQUE CO. V. NELLIE B. ROSS, ET AL.

Decided October 2, 1933.

*Henderson, Burr & Randall,* for plaintiff.
*W. B. McLeskey,* for defendant.

REYNOLDS, J.

Plaintiff secured an order of attachment against defendant Nellie P. Dyer upon its affidavit to the effect that said defendant was indebted to it, was a nonresident and had property in this state subject to attachment.

The order of attachment was served on the Ohio Finance Company which answered that Nellie P. Dyer was the owner of certain shares in said corporation represented by certificates of stock issued prior to the notice of attachment, and that it held no property, money, etc., of said Nellie P. Dyer.

Nellie P. Dyer then moved the court to dismiss the attachment and to quash service which was attempted to be made subsequent to the order of attachment.

Three grounds are set forth why the motion should be sustained:

The first is that the affidavit is insufficient.

The second is that there has been a failure to comply with the statute as to provisions regulating service by publication, and the third is that the attachment fails because no property belonging to Nellie P. Dyer has been attached by the sheriff.

It is of course elemental that the service must fail if the

attachment fails, since the jurisdiction of the court over the person of the defendant depends upon the attachment. *Adams* v. *Lumber Co.*, 117 O. S., 298.

As to the sufficiency of the affidavit it appears to the court that there is a compliance with the statutory provisions.

As to the second grounds the court dockets show that the statute was complied with.

This brings us to the consideration of the third reason why the attachment should fail.

Section 8673-13, General Code:

"No attachment or levy upon shares of stock for which a certificate is out-standing shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder enjoined. * * *"

Counsel for plaintiff rely largely on the decision in the case of *Maescher* v. *Sammann*, 22 O. L. R., 681, for authority for the proposition that the interest of a nonresident stockholder in a local corporation may be reached by garnishment process, notwithstanding the actual certificates are in possession of the stockholder, and cannot be seized, and that following such process constructive service may be had upon defendant. An examination of that case discloses that it was decided largely on the authority of *Norton* v. *Norton*, 43 O. S., 501, and *Bank* v. *Towle*, 67 O. S., 306.

The former case holds that,

"The interest of a stockholder in the property of a private corporation represented by certificates of shares registered in his name, may be reached by garnishee process served upon the corporation,"

and the latter case that,

"A corporation creditor may by a proceeding in aid of execution, reach and subject to the satisfaction of his judgment, shares of stock in a corporation which belong to his judgment debtor; and such shares of stock, for the purpose of such proceeding, are to be regarded as in the possession of the corporation."

The theory on which those decisions rest is that stock certificates in and of themselves were not property but only the indicia thereof, and that the shares of stock were the

actual property of which the certificates were such indicia.

It is to be noted that these decisions antedated the enactment of Section 8673-13, General Code, which became the law in 1911.

While it is true that the Supreme Court in *Cassidy* v. *Ellerhorst,* 110 O. S., 405, reaffirmed the principle of the earlier cases, that stock certificates were not property, the court was only considering them from the standpoint of whether they were subject to inheritance tax or not, when found in Ohio, but belonging to a nonresident decedent. For such purpose they were held non-taxable. The statute under consideration here was in no way considered and of course had no application. So that the decision in the Cassidy case is of little or no value in determining this case.

In the Maescher case the court after quoting Section 8673-13, General Code, quoted the following Section 8673-14, General Code, which provides as follows:

"A creditor whose debtor is the owner of a certificate shall be entitled to such aid from courts of appropriate jurisdiction, by injunction and otherwise, in attaching such certificate or in satisfying the claim by means thereof as is allowed at law or in equity, in regard to property which can not readily be attached or levied upon by ordinary legal process."

The court then goes on to say:

"It was undoubtedly the intention of the legislature to subject the interest of a stockholder in a corporation to the same summary processes as any other property which is incapable of actual seizure by the sheriff."

It is difficult to follow the reasoning of the court in its conclusion. If such was the intention, why enact any statute at all? The interest of a stockholder was already subject to the same summary processes as other property incapable of actual seizure, under the attachment statutes, and the courts had uniformly held that such processes could attach to the interest of a nonresident stockholder, irrespective of the ability to seize the certificate of stock, so that to thus interpret the statute would be to leave the law in effect, exactly as it was before, and thus serve no purpose. This is not in accordance with the generally accepted rules of interpretation.

This case was decided by the Court of Common Pleas

of Hamilton county in 1925, and the same court, although by another judge in 1932 completely reversed itself in the case of *Hotel Gibson Co.* v. *Cino Theatre*, 30 N. P. (N. S.) 41, in what to the court seems a much better reasoned and more logical decision. The syllabi of this case are as follows:

"1. The effect of the enactment of Section 8673-13, General Code (a part of the uniform stock transfer act) was to change the rule that a nonresident owner of stock in an Ohio corporation has property in this state subject to attachment.

"2. The provision of this statute that an attachment of shares of stock shall not be valid unless the certificate itself is seized or surrendered to the issuing corporation or its transfer by the holder enjoined, when read in connection with the uniform warehouse receipts act, Section 8481, General Code, and the uniform sales act, Section 8419, General Code, indicates a legislative intention to give stock certificates an intrinsic value; and where stock certificates are held outside the jurisdiction, an attachment of the stockholders' interest at the residence of the corporation in Ohio is invalid."

The facts in this case were practically identical with those of the instant case. The court in its opinion relied on the interpretation of the statute and the cases of *Mullock* v. *Ulizo*, 131 Atl., 622 and *Wallach* v. *Stern*, 133 Atl., 81, both decided by the Supreme Court of New Jersey, which had under consideration a statute of that state which is identical with our own. Counsel for plaintiff seek to make much out of the fact that Sections 8419 and 8481, General Code, being parts of the uniform sales act and uniform warehouse receipts acts respectively, both use the phrase "attached by garnishment or otherwise," whereas Sections 8673-13, General Code makes no reference to garnishment but simply states that "no attachment or levy," etc., and argue that garnishment is therefore not covered by the latter statute. With this the court cannot agree. Attachment includes garnishment, as evidenced by both Sections 8419 and 8481, General Code, and when the phrase "no attachment" is used in Sections 8673-13 it must refer to all forms of attachment and include garnishment.

It seems that the act was sponsored by the American Bar Association, and the wording of the Ohio statute is the same as that enacted in other states, which no doubt

accounts for the slight difference in language from that used in the sales and warehouse acts above referred to, but the language used is fully as broad and comprehensive as it invalidates any attachment not made in compliance with the statute.

In *Block Daneman Co.* v. *Mendelker & Son,* 238 N. W., 831, decided by the Supreme Court of Wisconsin in 1931, a similar question to the present one was involved, and Wisconsin's statute just like our own was under consideration. The court among other things said:

"It is argued on behalf of the plaintiff that the seizure of the certificate is not a condition precedent to the making of the attachment, but may follow it. *It is considered that this position is not tenable.* The section was construed in *Harbridge* v. *Bank,* 177 Wis., 206. It is quite apparent that the purpose and object of the provisions of the Uniform Stock Transfer Act were intended to make certificates of stock negotiable, and to invest the certificates themselves with many of the incidents of tangible personal property. The provisions of Subsection 2 relate to the enjoining of the transfer by the holder. This limitation is no doubt intended to prevent a blanket injunction restraining the corporation from making any transfer of the certificates upon its books such as was issued in this case. *"If it is not so held, the status of the shares remains as it was before the passage of the act."*

And also:

"The stock could have been impounded in one of three ways provided by statute, (1) By actual seizure; (2) By surrender to the corporation of the certificate which issued it; or (3) Its transfer by the holder be enjoined. Unless it is impounded in one of these ways specified in the statute, Subsection 2 provides explicitly that the attachment shall not be valid. *If the procedure followed in this case is upheld, then there is a fourth way. It is considered that to so hold would be a clear amendment of the statute by judicial decision."*

The right of attachment is purely statutory and is in derogation of the common law and attachment statutes will be strictly construed, and no attachment is valid except as made in strict compliance with the statute.

The Uniform Stock Transfer Act provides the sole method of reaching a nonresident's interest in a local corporation and unless the statute is strictly complied with

any attempted attachment must be held invalid. It is of no avail to the one seeking such remedy that it is difficult or impossible to comply with the statutory provisions.

This court will follow the later decision of the Hamilton county courts and the uniform rule as evidenced by the decisions of the Supreme Courts of other states and therefore holds that the attachment is invalid.