DROMEY, Administrator, Appellant, vs. TAX COMMISSION and others, Respondents.

*February 17—March 15, 1938.*

For the appellant there was a brief by *S. W. Jensch* of Hudson, attorney, and *A. B. Christofferson* of St. Paul, Minnesota, of counsel, and oral argument by *Mr. Jensch.*

For the respondents there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

WICKHEM, J.    The first contention of plaintiff is that decedent Jensch had removed from the state and was a nonresident since 1929, and that all income taxes levied in years following 1929 were void for want of jurisdiction over decedent.    This question was resolved against the contentions of

plaintiff by all of the administrative tribunals dealing with the question, and by the circuit court. It will be necessary to set forth the facts in some detail in disposing of this contention.

Following his graduation from high school in 1890, decedent was employed by the Chicago, St. Paul, Minneapolis & Omaha Railway Company, and in 1928 was the comptroller of the company in St. Paul. Beginning January 1, 1929, he was also the comptroller of the Chicago & North Western Railway Company, with headquarters in Chicago. The change of work required his constant presence in Chicago and the maintenance of business headquarters there. Up to the time of the change decedent had resided in Hudson, Wisconsin, with his wife and family, commuting daily to St. Paul. The house in which they had lived in Hudson was owned by the wife. After the change of occupation decedent rented a room in Highland Park, Illinois, and spent five nights a week there, returning usually to Hudson on Sunday. Decedent paid the taxes and repairs upon the home and maintained the family, making an allowance to his wife, out of which she paid such expenses as he did not directly pay. Decedent continued to make contributions to his church in Hudson, and also to the community chest, and to maintain a telephone in the Hudson home listed in his name. At the time decedent moved to Chicago he moved all of his personal effects and belongings, discontinued his membership in fraternal organizations in Hudson, and joined certain clubs in Chicago. He notified the Tax Commission of his change of residence in 1929 when he moved to Chicago. He did not vote either in Wisconsin or Illinois after his removal to Highland Park. He accounted for his wife continuing to live in Hudson by the fact that her aged mother (who, however, did not live with her) needed her care. The question whether decedent would ultimately live in Highland Park or some other city

near Chicago had never been determined. On his return of income for the year 1934, taxpayer reported his salary received from the Chicago & North Western Railway. Attached to this was a claim that the property was exempt because earned entirely outside of Wisconsin. He also made a claim for deduction of living expenses incurred outside of Wisconsin as an expense of his business. The explanation contains a statement that the taxpayer is and has been a resident of the city of Hudson, St. Croix county, Wisconsin, for the past forty-five years, maintaining his home there with his wife and children. In stating his claim for deduction, the statement reads:

"The deduction is claimed for only those expenses incurred while living at Chicago, Illinois, during approximately five days a week away from his home."

The evidence amply sustains the finding of fact that the taxpayer had never effectively changed his residence or domicile.

Sec. 71.01, Stats. 1933, provides:

". . . Every natural person domiciled in the state of Wisconsin, and every other natural person who maintains a permanent place of abode within the state or spends in the aggregate more than seven months of the income year within the state, shall be presumed to be residing within the state for the purposes of determining liability for income taxes and surtaxes. . . ."

Up to 1929, decedent was concededly a resident of Wisconsin. The well-established rule with respect to change of residence or domicile is thus stated in *Will of Eaton,* 186 Wis. 124, 133, 202 N. W. 309:

"A domicile once established is not lost until a new one is acquired. Every one must at all times have a domicile somewhere. Where an actual domicile has once been established, two things are necessary to create a new domicile, first, an abandonment of the old domicile, and second, the intention

and establishment of a new domicile. The mere intention to abandon a domicile once established is not of itself sufficient to create a new domicile, for before a person can be said to have changed his domicile, even though he manifests an intention to abandon the old domicile, a new domicile must be shown. . . ."

See also *Kellogg v. Supervisors of Winnebago County,* 42 Wis. 97.

There is no evidence of abandonment by deceased of his Wisconsin domicile or residence, and the establishment of a new one elsewhere. The taxpayer simply roomed in Highland Park during the five days of each week when business required his presence in Chicago. He maintained a home in Hudson, and his wife remained there. His child returned there as to a home. He paid the household expenses, contributed to the community chest, and maintained his church membership at Hudson. Concededly, his abode in Highland Park was not a permanent one or one which he had any fixed intention of presently adopting as a permanent abode, domicile, or residence. It was simply a response to the necessities of his work. It furnished him shelter during the period when he was not at home. The place at Hudson was the home to which he returned at such intervals as his business permitted, and the place at which he maintained his family. In his 1934 income tax returns he claims a deduction for the costs of living in Highland Park on the theory that Hudson was the residence from which his business necessitated periodic absences. While he did not vote in Wisconsin, neither did he vote in Illinois, and the latter circumstance renders the former quite inconclusive.

Subs. (7) and (8) of sec. 6.51, Stats., provide as follows:

"(7) The place where a married man's family resides shall generally be considered and held to be his residence; but if it is a place of temporary establishment for his family, or for transient objects, it shall be otherwise.

"(8) If a married man has his family fixed in one place and does his business in another, the former shall be considered and held to be his residence."

We conclude that the evidence clearly sustains findings of the taxing authorities that decedent was a resident of Wisconsin. In this connection it is contended that the case should be reversed, with directions to the trial court to arrive at an independent determination concerning the residence of the taxpayer; this on the theory that the Wisconsin Tax Commission is not an impartial body in the administration of the tax law; that it is an administrative body charged with the function of tax collection and the enforcement of laws imposing taxes; that to give standing to its findings without a trial *de novo* is to permit the prosecutor to be a judge of the case which he prosecutes; that the case should be heard *de novo* upon appeal to a court for review, citing *Wickwire v. Reinecke,* 275 U. S. 101, 48 Sup. Ct. 43, 72 L. Ed. 184.

In *Baker v. Tax Comm.* 210 Wis. 557, 246 N. W. 695, it was held that one appealing to the circuit court from an order of the Tax Commission affirming the income tax board of review which had affirmed the determination of the assessor of incomes with respect to his income tax was not entitled to a new trial, at least if no jurisdictional facts were involved. The point which evidently is sought to be made is that under the doctrine of *Crowell v. Benson,* 285 U. S. 22, 52 Sup. Ct. 285, 76 L. Ed. 598, discussed in the *Baker Case* and in *General A. F. & L. Assur. Corp. v. Industrial Comm.* 223 Wis. 635, 271 N. W. 385, the matter of domicile is not merely a jurisdictional fact but a constitutional fact, and that, upon appeal from a finding of such a fact by an administrative body, taxpayer is entitled to a trial *de növo.* In the *Industrial Commission Case* this court held that, as to all facts made jurisdictional by statute, the legislature could provide a type of administrative review analogous to that in cases of *certiorari,* but reserved the question whether the doctrine of *Crowell v. Benson* compelled a new trial in the cases in-

volving constitutional fact. The matter of domicile is a constitutional fact in this case for the reason that the income was earned outside the state, and the fact of domicile determines the jurisdiction of Wisconsin under the federal constitution to tax this income. We deem it unnecessary to pursue the matter further than to state the scope and implications of the contention. There was no conflict of evidence here, and the admitted facts so strongly support the inference that no new place of residence or domicile was ever established, that it would be necessary for this court to set aside, as contrary to the great weight and clear preponderance of the evidence, an independent finding to the contrary by the trial court.

The next contention is that the income assessed and taxed was beyond the jurisdiction of the state of Wisconsin because derived from services continually rendered outside of the state of Wisconsin and beyond its jurisdiction to tax. We think this contention to be unsound and contrary to law. It was repudiated in *State ex rel. Lerner v. Tax Comm.* 213 Wis. 267, 251 N. W. 456, and *Stone v. Tax Comm.* 197 Wis. 71, 221 N. W. 376. The constitutional aspects of this matter were dealt with in *Newport Co. v. Tax Comm.* 219 Wis. 293, 261 N. W. 884. As was there pointed out, the United States supreme court in *Lawrence v. State Tax Comm.* 286 U. S. 276, 52 Sup. Ct. 556, 76 L. Ed. 1102, held that a state may levy an income tax upon its own citizens regardless of the source of the income. The limitations upon the jurisdiction of the state are as to nonresidents, with respect to whom the tax must be levied upon income from property or business within the state. *Shaffer v. Carter,* 252 U. S. 37, 40 Sup. Ct. 221, 64 L. Ed. 445. The sole question then is not whether the state of Wisconsin has jurisdiction to tax decedent's income, but whether such income is actually taxed by the Wisconsin statutes. Sec. 71.02 (3) (c), Stats., provides that:

". . . All other income, including . . . income derived from personal services, . . . shall follow the residence of the recipient. . . ."

This section clearly expresses a legislative intent to subject the salary and wages of Wisconsin residents to the income tax. It is claimed by plaintiff that the services in question involved "a capital investment of mental ability and improvement" presumably in Illinois, and that the case falls under sec. 71.02 (3) (d), Stats., which provides:

"Persons engaged in business within and without the state shall be taxed only on such income as is derived from business transacted and property located within the state. . . ."

We perceive no merit in a contention that renders meaningless the portion of sec. 71.02 (3) (c), Stats., above quoted. The statutes make a clear and easily understood distinction between income from business and that derived from personal services, and evidence the intention to subject to an income tax the income of residents derived from personal services performed without the state.

*By the Court.*—Judgment affirmed.