HUGHES, Appellant, vs. TAX COMMISSION and others, Respondents.

*February 17—March 15, 1938.*

For the appellant there was a brief by *S. W. Jensch* of Hudson, attorney, and *A. B. Christofferson* of St. Paul, Minnesota, of counsel, and oral argument by *Mr. Jensch*.

For the respondents there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

WICKHEM, J.    Plaintiff was a resident of Hudson, Wisconsin.    He is employed by the Northern Pacific Railway Company as land commissioner with headquarters in St. Paul, Minnesota.    He commutes daily between Hudson and St. Paul, and has done so for many years.    He is concededly a resident of the state of Wisconsin.    In addition to the contentions made by the taxpayer in *Dromey v. Tax Comm., ante,* p. 267, 278 N. W. 400, and there disposed of, he makes a contention based upon a slightly different fact situation.

Plaintiff has paid an income tax to the state of Minnesota to the extent of income derived from services rendered within the state of Minnesota, and under objection has paid an income tax to the state of Wisconsin upon the same income. He contends that the Wisconsin income tax cannot be assessed because it constitutes a double income tax upon the same economic interest.    The matter was recently discussed by this court in *Newport Co. v. Tax Comm.* 219 Wis. 293, 261 N. W. 884.    The state of Wisconsin may tax its residents upon their net income from whatever source this may accrue.    *Lawrence v. Tax Comm.* 286 U. S. 276, 52 Sup. Ct. 556, 76 L. Ed. 1102.    The state of Minnesota may tax residents of Wisconsin upon income derived from business or

property located in Minnesota or services performed there. *Shaffer v. Carter,* 252 U. S. 37, 40 Sup. Ct. 221, 64 L. Ed. 445; *Travis v. Yale & Towne Manufacturing Co.* 252 U. S. 60, 40 Sup. Ct. 228, 64 L. Ed. 460. To this extent double taxation is permitted, and however objectionable or inequitable it may be argued to be, it cannot be upset upon constitutional or jurisdictional grounds.

*By the Court.*—Judgment affirmed.