Forsberg Paper Box Company, Appellant, v. Department of Taxation, Respondent.

*May 5—June 6, 1961.*

94

For the appellant there were briefs by *Murphy, Gavin, Stolper & Desmond* of Madison, and oral argument by *Warren H. Stolper.*

For the respondent the cause was argued by *Harold H. Persons,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

DIETERICH, J. The petitioner-corporation, Forsberg Paper Box Company, commenced this proceeding pursuant to the provisions of ch. 227, Stats., in the circuit court for Dane county for a judicial review of the decision and order of the Wisconsin board of tax appeals denying its application for abatement of additional normal income tax and teachers' retirement-fund surtax assessed by the Wisconsin Department of Taxation because of disallowed deductions of the petitioner for the income years 1950, 1951, 1952, and 1953. The circuit court for Dane county affirmed the decision and order of the Wisconsin board of tax appeals and judgment was entered thereon.

Sec. 73.015, Stats. 1959, provides for review of determination of Wisconsin board of tax appeals and sets forth: "(2) Determinations of the board shall be subject to review in the manner provided in chapter 227, . . ."

The appeal before this court is governed by sec. 227.21, Stats. 1959.[1]

Forsberg Paper Box Company is a Wisconsin corporation located in the city of Madison and engaged in the manufacturing and selling of paper boxes.

During the years of 1950 through 1953, the corporation paid Maple Bluff Country Club dues for its president, general manager, plant superintendent, office manager, assistant gen-

[1] "APPEALS. Any party, including the agency, may secure a review of the final judgment of the circuit court by appeal to the supreme court. . . ."

eral manager and purchasing agent, sales manager, and press foreman. For the year 1953, it also paid the club dues and initiation fee for a salesman. None of the employees were stockholders of the corporation. The corporation also paid club dues to the Madison Club for the president through the years 1950 to 1953, and for the sales manager for the years 1952 and 1953.

The corporation also paid trip expenses of the president and his wife for trips she made to meetings and conventions and various other sales trips. The corporation deducted all of these as ordinary and necessary business expenses for the years 1950 through 1953.

The sole issue then is whether the payments by the corporation of social-club dues of its officials and employees and the expenses of the wife of the president of the corporation in accompanying him on business trips were deductible from the corporation's gross income as ordinary and necessary expenses in the maintenance and operation of the corporation's business and property.

Sec. 71.02, Stats. 1949, 1951, 1953, provides:

"Definitions. (1) The term 'net income' as used in this chapter shall mean 'gross income' less allowable deductions."

The provisions of sec. 71.04, Stats. 1949, are:

"Deductions from gross income of corporations. Every corporation, joint stock company, or association shall be allowed to make from its gross income the following deductions:

"(1) Payments made within the year for wages of employees and salaries of officers if reasonable in amount, for services actually rendered in producing such income; provided, there be reported the name, address, and amount paid each such employee or officer residing within this state to whom a compensation of $700 or more shall have been paid during the assessment year.

"(2) Other ordinary and necessary expenses and cash bonuses to employees, actually paid within the year out of the income in the maintenance and operation of its business and property, . . ."

Ch. 720, Laws of 1951, amended sec. 71.04 (1) and (2), Stats. Such amendment was effective August 13, 1951, and provided:

"(1) Payments made within the year for wages, *salaries, commissions, and bonuses* of employees and . . . to whom a compensation of . . . *$800* or more shall have been paid during the assessment year.
"(2) Other ordinary and necessary expenses . . . actually paid within the year out of the income in the maintenance and operation of its business and property, . . ."

Sec. 71.11 (24), Stats. 1949, 1951, 1953, provides:

*"Departmental rules; collections; employees.* (a) The department of taxation is hereby empowered to make such rules and regulations as it shall deem necessary in order to carry out the provisions of this chapter."

The following administrative rules are involved:

5 Wis. Adm. Code, p. 7, sec. Tax 2.04. *"Information returns; Forms 9, 9b, and 9x for corporations.* (Secs. 71.04 (1) and (2) and 71.10 (1), Wis. Stats.) All corporations doing business within this state, whether subject to the income tax or not, shall file with the department of taxation at its office in the State Office Building at Madison on or before March 15th of each year on Forms 9 as prescribed by the tax commissioner, statements of payments made within the preceding calendar year to residents of Wisconsin of salaries, wages, bonuses, retirement pay, and fees. . . . Items required to be reported on Forms 9 or 9b may be disallowed as deductions from the corporation's gross income upon failure to make proper report thereof."

5 Wis. Adm. Code, p. 30, sec. Tax 3.54. *"Miscellaneous expenses not deductible.* (Secs. 71.04 (2) and 71.05 (2), Wis. Stats.) Miscellaneous expenses which are not properly

deductible in arriving at taxable net income include the following: Charges made by a corporation against its income or surplus covering expenses incurred for personal purposes of its officers, stockholders, or employees, unless reported as compensation paid on Forms 9; . . . dues to fraternal orders, social clubs, and luncheon clubs." ·

The Wisconsin Department of Taxation under its rules requires that its informational return Form 9 must be submitted together with its corporate return in order for the corporation to procure a deduction under the provisions of sec. 71.04 (1), Stats. This section pertains to deduction of wages, salaries, and bonuses. The petitioner-corporation in filing its return never executed or filed any information required under Form 9. Hence, under the statute no deductions could be allowed under sec. 71.04 (1).

The only testimony before the Wisconsin board of tax appeals was that of the president and general manager, D. A. Forsberg. He testified that the club membership served a business purpose in furnishing a facility for the entertainment of customers and suppliers, and that sales are made on the basis of either price or friendship. He stated that the corporation followed the latter procedure and to that end paid the club membership of its employees so that they could further these friendships for the corporation on the golf course or over drinks and a meal. He further testified that it is important to the corporation to insure an adequate and prompt supply of raw materials and that this can best be furthered by friendships with suppliers to be achieved in the same fashion. He stated that private clubs allow for greater privacy and have a certain amount of prestige.

The brief of the Wisconsin Department of Taxation asserts that:

"Since at least prior to 1932, it has been a rule of the department of taxation, and its predecessor, the tax commission, that 'dues to fraternal orders, social clubs, luncheon

clubs, etc. ;' are not deductible in arriving at taxable income. It is found as part of art. 527 in the so-called old 'Green Book' entitled 'Income Tax Regulations,' which was a publication by the Wisconsin tax commission in 1932 of its several regulations or rules, in book form. Such rule was maintained and applied continuously thereafter, and upon the first publication of the rules of the department in the so-called 'Red Book' it was included in rule 194. See Wis. Adm. orders, 1942, p. 418. It was similarly continued as a part of rule 194 in the 1944, 1946, 1948, and 1950 editions of the 'Red Book.' Then, with the advent of the Wisconsin Administrative Code, it became present rule, sec. Tax 3.54, and has been so continued ever since."

It, therefore, follows that the rule has been in continuous existence since at least 1932. The petitioner-corporation has not challenged the accuracy of these facts.

It is quite evident that the language in the deduction statutes allowing deduction for "ordinary and necessary expenses" is at best ambiguous as to whether it includes country club and luncheon-club dues, and requires our construction.

In *Eau Claire Nat. Bank v. Benson* (1900), 106 Wis. 624, 627, 82 N. W. 604, this court said:

"Courts are not responsible for the law. It is their province to declare and apply it and to construe statutes and constitutions in accordance with the will of the law-making power, where construction becomes necessary. When such construction has once been given to a law and finally established as a part thereof, it is as much a part of it as if embodied therein in plain and unmistakable language. *State ex rel. Heiden v. Ryan,* 99 Wis. 123. When that situation exists it is the province of the legislature alone to change the law. The court should not attempt it, whatever may be the notions of judges as to what the law ought to be."

In the instant case the rule has been in existence for a period in excess of twenty-nine years. Such long-standing rule remaining unchallenged, and giving a practical construc-

tion to the ambiguous statutory language, is entitled to controlling weight, in interpreting what the ambiguous statute means. We construe the words "ordinary and necessary expenses" not to mean or include payments of private-club dues for its officers and employees by a corporation. *State ex rel. West Allis v. Dieringer* (1957), 275 Wis. 208, 81 N. W. (2d) 533, and *Department of Taxation v. O. H. Kindt Mfg. Co.* (1961), 13 Wis. (2d) 258, 108 N. W. (2d) 535.

With respect to the travel expenses of the president's wife, a question of fact was presented as to whether or not such expenses were ordinary and necessary. The Wisconsin board of tax appeals was entitled to take into consideration the entire record and to weigh the credibility of the witnesses. The Wisconsin board of tax appeals was entitled to consider whether it was ordinary and necessary for the president's wife to act as hostess at a cocktail party along with the other trips taken by her such as the trip to Washington after the president of the corporation had consummated his business in Washington and to accompany him further for the purpose of inspecting machinery for possible purchase.

Sec. 227.13, Stats., provides that every decision of an agency in a contested case shall be in writing accompanied by findings of fact and conclusions of law.

The findings of the Wisconsin board of tax appeals are that the wife of the president of the corporation was not an officer or employee, and that she accompanied her husband on his selling trips and attended business conventions with him, and that the wife's expenses incurred on such trips and at the conventions during the years in question were paid by the corporation. It further found that the officers and employees were members of two private social clubs and that their membership dues were paid by the corporation and that the membership dues and expenses of the president's wife were deducted by the corporation as a business expense, and

for its conclusions of law found that the deductions taken by the petitioner were not deductible under sec. 71.04, Stats., and ordered the assessment affirmed.

The written opinion filed by the Wisconsin board of tax appeals discloses that the board intended a finding to the effect that the wife's traveling expenses were not ordinary and necessary expenses. The record sustains such finding.

*By the Court.*—Judgment affirmed.

BROWN, J., took no part.