ROBERT R. RINGWOOD, State Auditor Legislative Audit Bureau
You have asked for my opinion on the following question:
 "Do the provisions of Chapter 16, Subchapter IV of the state statutes, which govern state purchases, apply to the purchase of materials, supplies, equipment and other personal property and contractual services made by the Division of *Page 5 
Vocational Rehabilitation in conjunction with individual client rehabilitation plans?"
As you have indicated, the issue underlying this inquiry is whether the statutory purchasing regulations apply to all purchases made by the expenditure of state funds, including federal funds deposited in the State Treasury, regardless of the purpose for which the purchase is made. It is my opinion that the purpose for the purchase, not the source of funds, determines whether the statutory purchasing requirements apply.
The statutory requirements relevant to your inquiry are found in secs. 16.71 (1) and 16.75 (1), Stats. The latter section requires that materials, supplies, equipment and contractual services valued in excess of $3,000 be purchased from the lowest responsible bidder. The applicability of that section and the general regulation of state purchasing are governed by sec. 16.71
(1), Stats., which provides as follows:
 "PURCHASING, POWERS. The department of administration shall purchase and may delegate to special designated agents the authority to purchase:
 "(1) All necessary materials, supplies, equipment, all other permanent personal property and miscellaneous capital, and contractual services and all other expense of a consumable nature for all state offices. All such materials, services and other things and expense furnished to any such office shall be charged to the proper appropriations of the offices to whom furnished, as provided in s. 20.505." (Emphasis supplied.)
The statutory purchasing regulations apply only to purchases "for all state offices." Section 16.70 (1), Stats., defines the term "office" as including "both houses of the legislature and any department, board, commission or body connected with the state government, including all educational, charitable, correctional, penal and other institutions."
An examination of the applicable provisions of the Wisconsin State Rehabilitation Plan and related federal regulations clearly indicate that such purchases are for the benefit of the rehabilitation client.
Section 20.6 of the Wisconsin State Plan provides: *Page 6 
"20.6 Purchase of Equipment
 "The Department will provide to eligible clients tools, initial stocks (including livestock) and supplies, equipment; initial stocks and supplies for vending stands and small business enterprises; and occupational licenses to the extent necessary to achieve the vocational rehabilitation objectives indicated on the rehabilitation plan. The department may elect, in certain instances, to retain residual title to items provided under this section."
Chapter 12, HEW-SRS Vocational Rehabilitation Manual provides in part:
 "Occupational tools, supplies, etc. are issued to clients or beneficiaries as a rehabilitation service. In general the client or beneficiary has both the custody and control of the equipment and retains such equipment for use in connection with his occupation."
While the Division of Vocational Rehabilitation does have the option of retaining residual title in property purchased for rehabilitation clients, the availability of that option does not operate to make the purchase one for a state office. It is clear that purchases made for rehabilitation clients are primarily for the benefit of the client and not the state
In 36 OAG 75 (1947), this office observed that any power exercised by the bureau of purchases must be based upon an express statutory provision conferring such power. Administrative agencies have only such powers as are expressly granted to them or necessarily implied, and any power sought to be exercised must be found within the four corners of the statute under which the agency operates. American Brass Co. v. State Board of Health
(1944), 245 Wis. 440, 15 N.W.2d 27.
In the fifty-four years of administration of the vocational rehabilitation program and the forty-five years of administration of the state purchasing program, the language of ch. 16, subch. IV, Stats., has never been interpreted as applicable to the purchase of goods and services for rehabilitation clients. This long-standing interpretation is entitled to great weight, providing as it does a practical administrative construction which resolves any ambiguity which may exist on account of the state's option to retain residual *Page 7 
title in property purchased for rehabilitation clients.Sutherland Statutory Construction, 4th Edition, Volume 2A, sec. 49.07; Forsberg Paper Box Co. v. Dept. of Taxation (1961),14 Wis.2d 93, 109 N.W.2d 457.
Because ch. 16, subch. IV, Stats., applies only to purchases of property for the state, those regulations are not applicable to purchases of property for rehabilitation clients by the Division of Vocational Rehabilitation notwithstanding the fact that all purchases for rehabilitation clients are made with state funds or federal funds deposited with the state.
BCL:APH