DEPARTMENT OF REVENUE, Appellant, v. NAGLE-HART, INC., Respondent.

*No. 63 (1974). Argued September 29, 1975.—Decided October 28, 1975.*

(Also reported in 234 N. W. 2d 350.)

For the appellant the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the briefs were *Robert W. Warren,* attorney general, and *Bronson C. La Follette,* attorney general.

For the respondent there was a brief by *Stafford, Rosenbaum, Rieser & Hansen,* and oral argument by *Brian E. Butler,* all of Madison.

ROBERT W. HANSEN, J. Initially, in its brief before the state tax appeals commission, the department took the position that the expenses involved were disallowed as being "contrary to public policy."[1] The fact that such construction, based on such determination by the department of an appropriate public policy, was of long-standing and not countermanded by legislative enactment was contended to mean that "governmental authority in Wisconsin has displayed a clearly defined policy."[2] This public policy argument was abandoned by the department on its appeal to the circuit court, and on this appeal to our court. It is just as well. It is not the function of the tax department to locate, define and enforce an appropriate public policy. That is the law-making function of the state legislature. It is for the state legislature, within constitutional limits, to determine and define the public policy of this state in tax matters. It is for the depart-

---

[1] Brief of Wisconsin Department of Revenue before Wisconsin tax appeals commission, at page 3, stating: "It is the position of the respondent [department of revenue] that the entertainment of public officials by business corporations is contrary to public policy in Wisconsin and that expenditures for such purposes do not constitute ordinary and necessary business expenses."

[2] *Id.* at pages 9, 10, stating: "This policy has been in effect for well over 23 years and in all that time the legislature has not seen fit to pass any clarifying legislation countermanding the department's position. These facts are certainly indicative that governmental authority in Wisconsin has displayed a clearly defined policy."

ment of revenue to implement and carry out the mandate of the legislative enactments in tax matters, and stop at the limits of such legislative mandate or direction.[3]

So we deal here solely with the construction of the statute dealing with deductions from gross income of corporations in their tax returns for "ordinary and necessary expenses." That statute provides:

"71.04 **Deductions from gross income of corporations.** Every corporation, joint stock company or association shall be allowed to make from its gross income the following deductions:

" . . .

" (2) Other ordinary and necessary expenses actually paid within the year out of the income in the maintenance and operation of its business and property . . . ."

Initial consideration must be given to whether or not this statute is ambiguous because, if it is not, a contrary administrative interpretation would not alter its clear and definite mandate.[4] Our court has held that a statute, or any sentence, clause or word thereof, is ambiguous only when ". . . it is capable of being understood by reasonably well-informed persons in either of two or more senses."[5] The test is whether ". . . 'well-informed persons' *could have* become confused."[6] Thus, applying

---

[3] *Comet Co. v. Department of Taxation* (1943), 243 Wis. 117, 123, 9 N. W. 2d 620, this court stating: ". . . tax exemptions, deductions, and privileges are matters purely of legislative grace . . . ."

[4] *State ex rel. West Allis v. Dieringer* (1957), 275 Wis. 208, 218, 81 N. W. 2d 533, this court holding: "Long-continued administrative interpretation and construction is not controlling where the language of the statute is so clear as not to need or to be susceptible of construction."

[5] *Id.* at page 218.

[6] *Recht-Goldin-Siegal Construction v. Department of Revenue* (1974), 64 Wis. 2d 303, 306, 219 N. W. 2d 379, this court quoting and reaffirming the *Dieringer* test and adding: "However, when a case comes before this court it is obvious that people disagree as

such test, this court found no ambiguity in the statutory reference to "household furniture, furnishings, floor coverings" where items of property involved were being used for domestic purposes by the tenants of the taxpayer.[7] In the case before us, the question is not as to what the public policy as to the deductions claimed ought to be. That is for the legislature to determine, not the tax department. The question is whether well-informed persons could have become confused as to whether the deductions claimed were ordinary and necessary expenses of conducting the business. Disallowance of the deductions must rest on their not being such ordinary and necessary expenses.

Here the taxpayer and the revenue department stipulated the fact to be true that the meetings involved are considerd by the taxpayer ". . . to be necessary in order to acquaint customers, public or private, with the equipment that is available and the merits of the products." The tax appeals commission made this agreement of the parties one of its findings of fact. It also made this finding: "The expenses involved in this matter were ordinary and necessary expenses paid within the year out of the income of the petitioner in the maintenance and operation of its business." The revenue department does not challenge these findings as they apply to private persons or officials of potential private purchasers of

to the meaning to be given to a statute. This is not controlling. The court must determine whether 'well-informed persons' *could have* become confused." (Emphasis in original text.)

[7] *Id.* at page 314, this court holding: "The words of sec. 77.52 (1) (a) 9, Stats. 1967, 'household furniture, furnishings, floor coverings,' etc., are not ambiguous. There is no indication whatsoever that giving a literal interpretation to the words violates any policy of the legislature nor does the application of the tax to the draperies and carpeting involved in this case violate the plain and ordinary meaning of the words 'household furnishings,' for the items of property involved are being used for domestic purposes by the tenants of the appellant."

the taxpayer's products. It claims no ambiguity in the statute as it applies to meetings with private purchasers of the company's products. While a valid distinction can be made between a luncheon with an official of a potential private purchaser, and one with an official of a potential public purchaser, that distinction clearly goes to the public policy considerations involved, not to the wording or application of the statute. So it is not entirely accurate to say, as we did earlier, that the tax department has abandoned its initial defense of its disallowance on public policy grounds. Transparently, it has done no more than to put a different label on its basic contention that sales contacts with officials of a public agency ought, on public policy grounds, be treated differently than identical contacts for identical purposes with officers of a potential private purchaser.

The revenue department contends that a finding that this statute, sec. 71.04, is ambiguous is compelled by the holding of this court in the *Forsberg Case*.[8] There this court dealt with the question of whether payment of club dues for company officers ". . . served a business purpose in furnishing a facility for the entertainment of customers and suppliers . . . ."[9] Finding ambiguity in the statute as to whether the term "ordinary and necessary expenses" could be stretched to include country club dues, our court construed the term as not to mean or include payments of private club dues for its officers by a corporation.[10] In that case, the finding of fact by the tax appeals commission that deductions taken by the taxpayer were not deductible was upheld. Here the finding of the tax appeals commission was that the deductions taken were ordinary and necessary expenses, and we agree with the trial court that such finding is to be here

[8] *Forsberg Paper Box Co. v. Department of Taxation* (1961), 14 Wis. 2d 93, 109 N. W. 2d 457.
[9] *Id.* at page 98.
[10] *Id.* at page 100.

upheld. We find no ambiguity as to the application of the statute to the stipulated facts before us here. The contention of the department that only luncheons or dinners purchased for public officers are being challenged makes clear that public policy, not claimed ambiguity, is the taproot of the department's position. The public policy here is for the legislature to determine. Unless and until the legislature draws a distinction between a luncheon or dinner with a potential public purchaser and one with a potential private purchaser, it is not for the revenue department or this court to draw such distinction and to cloak such declaration of the public policy on ambiguity grounds. If ambiguity existed here, it would apply to the sales contacts with purchasers, private or public. With the appropriate public policy left for the legislature to declare, and with no ambiguity found in applying the statute to these stipulated facts, the long-standing department policy, here not reflected by any published rule, does not operate to create an ambiguity which would otherwise not be locatable. We affirm the judgment of the trial court.

*By the Court.*—Judgment affirmed.