KEARNEY & TRECKER CORPORATION, Petitioner-Appellant,
v. DEPARTMENT OF REVENUE, Respondent.

Supreme Court

*No. 77–028. Argued September 10, 1979.—*
*Decided October 9, 1979.*
(Also reported in 284 N.W.2d 61.)

For the appellant there were briefs by *Dale L. Sorden* and *Quarles & Brady* of Milwaukee, and oral argument by *Mr. Sorden*.

For the respondent the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

WILLIAM G. CALLOW, J. This is an appeal from a judgment entered on May 23, 1977, affirming a decision and order of the Wisconsin Tax Appeals Commission. The Tax Appeals Commission affirmed the action of the Department of Revenue (Department) in denying the application of Kearney & Trecker (K & T) for abatement of an assessment of additional income and franchise taxes for the fiscal years ended September 27, 1964, through October 1, 1967. The issue in this case is the tax treatment of the income which K & T received from the rental and subsequent sale of machines located outside the state of Wisconsin.

During the years in issue, K & T was a Wisconsin corporation engaged in the business of manufacturing, selling, and leasing precision machine tools. K & T manufactured its machine tools in West Allis, the site of its general offices and principal place of business, and sold and leased its machine tools throughout the United States. K & T's Wisconsin operations constituted an integral part of a unitary, multistate business.

K & T sold both new and used machine tools. Machine tools were also leased pursuant to a "Tool-Lease Agreement." The machine tools which were leased and later sold as used machine tools constituted tangible personal property and were treated as depreciable tangible property and not as inventory.

During these years, rental income (less depreciation and commissions) from leased machine tools and profits or losses from the disposal of leased machine tools were treated by K & T as income or loss which followed the situs of the property from which they were derived and were excluded from income subject to apportionment.

As a result of a field audit, the Department notified K & T of an assessment of additional income subject to tax.

Originally a variety of factual and legal disputes between K & T and the Department were presented. All were resolved by agreement of the parties except the single issue posed on this appeal. The parties stipulated to all facts believed by either party to be relevant. They stipulated to the correctness of alternate calculations of the additional tax or refund, interest, Wisconsin adjusted net income, and apportionment factors, the choice between the two depending only upon whose legal conclusion was determined to be correct.

The Tax Appeals Commission affirmed the assessment without opinion, citing its decision in *Wisconsin Barge Line, Inc. v. Wisconsin Department of Revenue,* 9 WTAC 367 (1973) ; and the decision of this court in *Newport Co. v. Tax Commission,* 219 Wis. 293, 261 N.W. 884 (1935).

On review under Chapter 227, Stats., the circuit court for Dane County affirmed the decision and order of the Commission. Without addressing K & T's contentions, the trial judge ruled that the Department was empowered to tax all of K & T's rental income, including that derived from the rental of tangible personal property located outside of Wisconsin and that rental income was excludable situs income under sec. 71.07(2), Stats. 1967, only when it could be taxed by Wisconsin under some other provision of the tax law.

This appeal presents a single issue: When a taxpayer is in the business of renting tangible personal property as well as manufacturing and selling similar property, should income or loss derived from such rentals of tangible personal property and from sales of the property previously rented be treated for tax purposes as business income subject to apportionment under sec. 71.07

(2), Stats. 1967, or should it be treated for tax purposes as nonapportionable income which follows the situs of the property under sec. 71.07 (1), Stats. 1967?

We conclude that rental income (less related expenses) from K & T's leased machine tools and the profits (or losses) from the sale of K & T's leased machine tools follow the situs of the property from which derived and are nonapportionable income under the provisions of sec. 71.07, Stats. 1967.

When a taxpayer's Wisconsin business constitutes an integral part of a unitary, multistate business, sec. 71.07, Stats. 1967,[1] divides the income of the taxpayer into

apportionable income and nonapportionable income. Apportionable income is that income which for income tax purposes must be allocated to two or more states in which the taxpayer's business is conducted. Nonapportionable income is that income which follows the situs of the property from which derived or the residence of the taxpayer and, as a result, is not allocated among two or more states. *Department of Revenue v. Exxon Corp.*, 90 Wis.2d 700, 723, 281 N.W.2d 94 (1979) ; *Transamerica Financial Corp. v. Dept. of Revenue*, 56 Wis.2d 57, 65–66, 201 N.W.2d 552 (1972). Nonapportionable income is not included in the apportionment formula when computing income allocable to Wisconsin. *Racine v. Morgan*, 39 Wis.2d 268, 289, 159 N.W.2d 129 (1968).

K & T relies on the text of sec. 71.07, Stats. 1967. Sec. 71.07 (1), Stats. 1967, provides that income derived from the rental or sale of tangible personal property follows the situs of the property. Sec. 71.07 (2), Stats. 1967, provides that income (less related expenses) which follows the situs of the property shall be deducted from total net income to determine the amount of income to be included in the apportionment formula. Accordingly, K & T first deducted the net income derived from the rental and subsequent sale of its machine tools from K & T's total net income when calculating the amount of

income subject to apportionment. K & T does not contend that the state cannot constitutionally tax its income derived from the rental and subsequent sale of out-of-state property. It only argues that the statutes explicitly exclude such rental and sale income from its income subject to apportionment.

The Department contends that K & T's reading of the statutes produces an absurd result. The Department's theory is that business income, which follows the situs of the business, includes such rental and sale income if the taxpayer is in the rental business, notwithstanding the foreign location of the rental property. Under the Department's interpretation of sec. 71.07(1), Stats. 1967, the only rental income which follows the situs of the property is that which is not considered business income. This, however, is inconsistent with the first sentence of sec. 71.07(1) which provides that only business income which is not apportionable under subsections (2), (3), or (5) follows the situs of the business. Because K & T is a unitary business having income requiring apportionment, sec. 71.07(1) does not provide a "business situs" to K & T's income, and the only provision assigning an income tax situs to K & T's rental income is the second sentence of subsection (1), making it taxable at the situs of the property. In an effort to give K & T's rental income a tax situs other than the situs of the leased property, the Department argues that this court has recognized a business situs concept independent of the statute. The Department urges this court to find that K & T's income from the leased machine tools is "business income" rather than the more specific "[i]ncome . . . derived . . . from rentals . . . from . . . tangible personal property" and then to ascribe a business situs to that income making the income taxable by Wisconsin. The Department relies on *Newport Co. v. Tax Commission, supra,* in urging the court to apply

the business situs doctrine. While the Department does not claim the statute is ambiguous, it does argue that, when the plain meaning of a statute produces absurd or unreasonable results clearly at variance with the policy of the legislation as a whole, the statute should be construed to follow the legislative purpose. *Connell v. Luck,* 264 Wis. 282, 284–85, 58 N.W.2d 633 (1953). The Department contends that, unless this rule of construction is applied in this case, Wisconsin would not be able to tax the income derived from products leased outside Wisconsin but manufactured within this state.

When the Department and a taxpayer cannot agree on the proper interpretation to be accorded a particular section, there are certain fundamental rules of construction which the court may apply. Unless a statute is unclear or ambiguous, legislative intent must be found " 'by giving the language its ordinary and accepted meaning.' " *National Amusement Co. v. Dept. of Revenue,* 41 Wis.2d 261, 266, 163 N.W.2d 625 (1969); *Transamerica Financial Corp. v. Dept. of Revenue, supra* at 64. When the legislature imposes a tax, it must do so in clear and express language with all ambiguity and doubt in the particular legislation being resolved against the one who seeks to impose the tax. *Id.* at 64–65; *Shelley v. Department of Revenue,* 70 Wis.2d 551, 557, 235 N.W.2d 515 (1975). Although the benefit of the doubt shall be given to the taxpayer in cases where the language imposing the tax is ambiguous, we have said that there is no duty on the court " 'to search for doubt in an endeavor to defeat an obvious legislative intention.' " *Transamerica Financial Corp. v. Dept. of Revenue, supra* at 65.

A statute or any sentence, clause, or word thereof is ambiguous only when "it is capable of being understood

by reasonably well-informed persons in either of two or more senses." *State ex rel. West Allis v. Dieringer,* 275 Wis. 208, 218, 81 N.W.2d 533 (1957); *Department of Revenue v. Nagle-Hart, Inc.,* 70 Wis.2d 224, 227, 234 N.W.2d 350 (1975). The test is whether well-informed persons could have become confused. *Id.* at 227; *Recht-Goldin-Siegal Construction v. Dept. of Revenue,* 64 Wis.2d 303, 306, 219 N.W.2d 379 (1974).

K & T argues that the Department's attempt to classify the rental income as business income is contrary to the interpretation of sec. 71.07(1), Stats. 1967. In construing sec. 71.07(1), this court has applied the rule set forth in *Frank Lloyd Wright Foundation v. Town of Wyoming,* 267 Wis. 599, 608, 66 N.W.2d 642 (1954), which states that:

" '[W]here there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision.' "

K & T notes that the rule was applied in *Shelley v. Department of Revenue, supra,* and in *Whitney v. Department of Taxation,* 16 Wis.2d 274, 114 N.W.2d 445 (1962). In *Shelley,* the court said:

"Personal services may indeed be the 'business' of a particular taxpayer, and a professional person may likewise be in the 'business' of furnishing certain services for remuneration. However, the legislature has made a distinction between 'business' income, and income derived from 'personal services and from professions . . . ,' the former being nontaxable if earned out of state, and personal service and professional income of a resident being subject to taxation even though earned out of state." 70 Wis.2d at 558.

The power of Wisconsin to tax the income of K & T is not in issue. The parties concede that Wisconsin can constitutionally tax the income of K & T, a Wisconsin corporation domiciled in this state, regardless of its source. *Dromey v. Tax Commission*, 227 Wis. 267, 273, 278 N.W. 400 (1938); *Lawrence v. State Tax Commission*, 286 U.S. 276, 281 (1932).. The question to be resolved involves a determination of the legislative intent expressed in sec. 71.07, Stats. 1967.

We conclude the language of sec. 71.07 (1), Stats. 1967, is not ambiguous. Income derived from the lease and subsequent sale of machine tools which have a situs other than in Wisconsin is income derived from the rental and sale of tangible personal property and shall follow the situs of the property from which derived. Such income is not income from business as defined in sec. 71.07 (1), Stats. 1967. We are not persuaded that treating K & T's rental income or income from the sale of rental property as income which follows the situs of the property from which derived will produce absurd consequences. An absurd result cannot be found merely because the taxpayer's construction of a taxing statute allocates some of the taxpayer's income out of Wisconsin where it is not taxed.

"Once a taxpayer is 'engaged in business' within and without this state, entitling the taxpayer to use the apportionment formula, Wisconsin is restricted to taxing 'only on such income as is derived from business transacted and property located within the state.' It is no concern of Wisconsin that some of the net business income may be allocated out of the state where, because of different taxing laws or the absence of them, it is not taxed. . . . Apportionment does not give the department the right to collect the most tax but only the fairest share and that share to be derived from business transacted and property in this state. *Standard Oil Co. v.*

*Wisconsin Tax Comm.* (1929), 197 Wis. 630, 223 N.W. 85."

*Department of Taxation v. Blatz Brewing Co.,* 12 Wis.2d 615, 626–27, 108 N.W.2d 319 (1961).

*By the Court.*—Judgment reversed and cause remanded for the entry of an order consistent with this opinion.