# SPACESAVER CORPORATION, Petitioner-Appellant,

## v.

# WISCONSIN DEPARTMENT OF REVENUE, Respondent.

Court of Appeals

*No. 86–1200. Submitted on briefs May 6, 1987.—Decided June 18, 1987.*

(Also reported in 410 N.W.2d 646.)

For the petitioner-appellant the cause was submitted on the brief of *James N. Phillips* and *Godfrey & Kahn, S.C.,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Edward S. Marion,* assistant attorney general.

Before Gartzke, P.J., Eich and Sundby, JJ.

GARTZKE, P.J. Spacesaver Corporation claimed deductions on its state franchise tax returns for 1977 through 1981 for the expenses of its employes' wives when they attended its annual sales meetings. The department of revenue disallowed the deductions. The tax appeals commission affirmed the department and the circuit court's order affirmed the commission's decision. Spacesaver appeals from that order.

499

We agree that because the taxpayer failed to show that the wives' presence at the meetings had a bona fide business purpose, the department properly disallowed the deduction. We therefore affirm.

Following an evidentiary hearing, the tax appeals commission found that the taxpayer's officers and marketing, sales and customer service personnel attended the annual meetings. The wives performed no administrative functions in the company, are not shareholders or corporate officers, and are not salespersons hired by it. The purposes of the meetings were to market the taxpayer's product, to introduce new products, and to decide the themes of the next sales meeting.

The tax appeals commission found that at its annual meetings the taxpayer had separate programs, one for business sessions and the other for "ladies' optional programs," and a majority of the latter consisted of social and recreational activities. The role of the employes' wives at the annual meetings was to act as social hostesses at the ladies' programs and evening social functions.

The tax appeals commission concluded that a "substantial percentage of the business activities for the ... wives ... were social and recreational and the incidental services performed by the wives ... did not constitute a bona fide business purpose." It further concluded that the travel and business expenses for the wives were not "ordinary and necessary" business expenses and that they were not deductible.

Section 71.04(2)(a), Stats., allows a corporation to deduct from its gross income "ordinary and necessary [business] expenses actually paid within the year out of the income in the maintenance and operation of its business and property ...." The same deduction is

permitted under the Internal Revenue Code, 26 U.S.C. sec. 162(a), for federal income tax purposes. The parties agree that a treasury regulation, 26 C.F.R. sec. 1.162–2(c), is controlling. That regulation provides:

> Where a taxpayer's wife accompanies him on a business trip, expenses attributable to her travel are not deductible unless it can be adequately shown that the wife's presence on the trip has a bona fide business purpose. The wife's performance of some incidental service does not cause her expenses to qualify as deductible business expenses.

The taxpayer states that no controversy exists regarding the activities of the wives at the annual meetings. It argues that the issue is whether the type of participation by the wives satisfies the legal standard for deductibility. It contends that we may review the record and substitute our judgment on that issue for that of the tax appeals commission and of the circuit court, the taxpayer relying on *Dept. of Revenue v. Milwaukee Refining Corp.*, 80 Wis. 2d 44, 257 N.W.2d 855 (1977) (whether facts found by tax appeals commission fulfill a legal standard is a question of law as to which appellate court may substitute its judgment for that of commission).

■ The state asserts that our review is more restricted. It notes that *Forsberg Paper Box Co. v. Department of Taxation,* 14 Wis. 2d 93, 100, 109 N.W.2d 457, 461 (1961), treated the tax appeals commission's determination that a wife's travel expenses were ordinary and necessary business expenses as a finding of fact. The commission's determinations are judicially reviewed under ch. 227, Stats. Sec. 73.015(2), Stats. We must

affirm an agency's factual findings supported by substantial evidence in the record. Sec. 227.57(6).

*Forsberg Paper Box Co., supra,* has never been expressly overruled. *Department of Revenue v. Nagle-Hart, Inc.,* 70 Wis. 2d 224, 229, 234 N.W.2d 350, 353 (1975), upheld a "finding" by the tax appeals commission that certain deductions taken by the taxpayer were ordinary and necessary expenses, citing *Forsberg Paper Box Co.,* but without discussing which scope of review applies.

On the other hand, in *Master Lock Co. v. Department of Revenue,* 62 Wis. 2d 716, 215 N.W.2d 529, (1974), the supreme court said that the commission's "finding of fact" that certain expenses were not ordinary and necessary is "in effect, a conclusion of law." *Id.* at 727, 215 N.W.2d at 533–34. The *Nagle-Hart* decision is harmonious with *Hall Chevrolet Co., Inc. v. Dept. of Revenue,* 81 Wis. 2d 477, 490, 260 N.W.2d 706, 712 (1978), which held that whether the business loss carry forward "offset" against net income in sec. 71.06, Stats., is available on stipulated facts, is a question of law.

When the decisions of our supreme court appear to be inconsistent, we follow its most recent pronouncement. *Bruns Volkswagen, Inc. v. DILHR,* 110 Wis. 2d 319, 324, 328 N.W.2d 886, 889 (Ct. App. 1982). *Hall Chevrolet Co., Inc. v. Dept. of Revenue, supra,* did not deal with the "ordinary and necessary business expense" deduction. The most recent decision on the "ordinary and necessary" standard is *Master Lock v. Department of Revenue, supra.* The *Master Lock* court recognized the questionableness of treating that standard as raising an issue of fact. It treated the issue as

one of law, once the facts have been established. We do likewise.

■

The treasury regulation, 26 C.F.R. sec. 1.162–2(c), implements the statutory "ordinary and necessary" business expense standard. Since we review an "ordinary and necessary" determination on the established facts as raising an issue of law, we apply the same scope of review to a determination made under the regulation. We may therefore substitute our own conclusions of law for those of the tax appeals commission when it applied the treasury regulation to the unchallenged facts.

That regulation is uncompromising. It provides that a wife's travel expenses on her husband's business trip are not deductible unless it is shown that her presence has a bona fide business purpose and that her "performance of some incidental service does not cause her expenses to qualify as deductible business expenses." 26 C.F.R. sec. 1.162–2(c). The tax appeals commission found as a fact that the taxpayer's annual meetings were divided between business meetings and "ladies optional programs" and that the wives' roles were to act as social hostesses for the ladies programs and evening social functions.

■

The taxpayer would have us accept as facts much of the testimony of its witness which never found its way into the commission's findings. For example, the taxpayer notes that its witness testified to a company policy that employes who attended the meetings were to bring their wives. The commission made no such finding. The commission was not bound to accept all of the taxpayer's testimony merely because no witness testified to the contrary. Credibility determinations

are within the exclusive province of the agency. *Daly v. Natural Resources Board,* 60 Wis. 2d 208, 223–24, 208 N.W.2d 839, 847 (1973). A reviewing court does not independently weigh the evidence or pass on the credibility of witnesses. *Chicago & N. W. R.R. v. Labor & Ind. Rev. Comm.,* 91 Wis. 2d 462, 468, 283 N.W.2d 603, 607 (Ct. App. 1979), *aff'd,* 98 Wis. 2d 592, 297 N.W.2d 819 (1980). Since the commission's specific findings are uncontested and since it considered the taxpayer's evidence, we conclude that the commission rejected those parts of the evidence which are not reflected in the commission's specific findings of fact.

■ Basing our conclusions on the commission's specific findings, we hold that the wives' services were at most incidental to the business purposes of the meetings. Consequently, the wives' travel expenses do not qualify as deductible business expenses under 26 C.F.R. sec. 1.162–2(c) and, therefore, do not qualify under our statute, sec. 73.015(2), Stats.

*By the Court.*—Order affirmed.

SUNDBY, J. *(dissenting).* Because I conclude that some of the disallowed expenses are "ordinary and necessary business expenses," I would reverse and remand to the commission to determine which of the disallowed deductions are properly deductible.

The commission found:

> 13. Petitioner claims that the purpose of having the wives of petitioner's employes attend the annual sales conference was to motivate the area contractors' wives to motivate their husbands to sell petitioner's products and to promote a certain family image. The wives' presence assisted in the creation of a family atmosphere and motiva-

tion which petitioner sought to instill in the area contractors and their wives. Petitioner's employes' wives also participated in a variety of activities such as assembling literature packets, assembling hardware displays, assisting in registration of participants, assisting in room reservations, acting as table hostesses, assisting in audio-visual presentations, and hostessing ladies' programs.

The commission concluded:

> During the period under review *a substantial percentage* of the business activities for the employes' wives of petitioner were social and recreational and the incidental services performed by the wives of the employes of petitioner did not constitute a bona fide business purpose. [Emphasis added.]

The commission's conclusion that *all* of the claimed deduction should be disallowed does not follow from its own findings. Spacesaver would have had to use existing employes or hire employes at the convention sites to perform many of the jobs performed by the wives. I do not believe those services are any less valuable to Spacesaver because they were performed by employes' wives.

Our society has come to recognize that wives make a substantial contribution to their husbands' careers. The philosophy of *Forsberg Paper Box Co. v. Department of Taxation,* 14 Wis. 2d 93, 109 N.W.2d 457 (1961), relied on by the commission is anachronistic.