Everett J. JOYCE, Marcella A. Joyce, and Marguerite J. Tupper, Plaintiffs-Respondents,

v.

The SCHOOL DISTRICT OF HUDSON, WISCONSIN, Defendant-Appellant. [Case No. 91–2181.]

Lester A. JACOBSON, Plaintiff-Respondent,

v.

The SCHOOL DISTRICT OF HUDSON, WISCONSIN, Defendant-Appellant. [Case No. 91–2182.]

Court of Appeals

*Nos. 91–2181, 91–2182. Oral argument May 21, 1992.—Decided June 2, 1992.*

(Also reported in 487 N.W.2d 41.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of and orally argued by *Joel L. Aberg* and *Stevens L. Riley* of *Weld, Riley, Prenn & Ricci, S.C.* of Eau Claire.

On behalf of the plaintiffs-respondents, Everett J. Joyce, Marcella A. Joyce and Marguerite J. Tupper, the cause was submitted on the brief of and orally argued by *L.R. Reinstra* of *Reinstra, Van Dyk & Needham, S.C.* of New Richmond.

On behalf of the plaintiff-respondent, Lester A. Jacobson, the cause was submitted on the brief of and orally argued by *James T. Remington* of *Remington Law Offices* of New Richmond.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   The Hudson School District appeals an order concluding that it does not have the power to make its own determination of necessity in a condemnation

proceeding under sec. 32.07, Stats. The school district argues that the trial court erred because sec. 32.07 authorizes it either as a "branch of state government" or as a "board" to determine necessity. We conclude that the language of sec. 32.07 does not authorize the school district to make a determination of necessity, but requires that a judge make the determination of necessity. We affirm the order.

In March of 1990, Hudson's Board of Education passed a resolution determining it "necessary" to acquire certain lands owned by Everett and Marcella Joyce, Marguerite Tupper and Lester Jacobson (collectively the property owners). The school district then proceeded under ch. 32, Stats., to acquire the property from the property owners. Because the parties were unable to negotiate a sale for the properties, the school district served jurisdictional offers on the property owners in February 1991.

The school district then filed a petition for condemnation proceeding in circuit court. The property owners subsequently commenced an action contesting the school district's right to condemn their property. The trial court concluded that the school district was not authorized to make a determination of necessity under sec. 32.07, Stats., and awarded litigation expenses to the property owners.

The sole issue raised by this appeal is whether sec. 32.07, Stats., authorizes the school district to determine necessity in a condemnation proceeding. This question involves statutory interpretation. Statutory interpretation is a question of law that we review de novo. *Grosskopf Oil, Inc. v. Winter,* 156 Wis. 2d 575, 582, 457 N.W.2d 514, 517 (Ct. App. 1990).

614

When interpreting a statute we first look to the language of the statute to determine whether it is ambiguous. A statute is only ambiguous when reasonably well-informed persons can disagree as to its meaning. *Kearney & Trecker· Corp. v. DOR,* 91 Wis. 2d 746, 753–54, 284 N.W.2d 61, 65 (1979). As we address this question, we must also keep in mind the principle that because condemnation statutes are in derogation of the common-law they must be strictly construed. *Herro v. Natural Resources Bd.,* 53 Wis. 2d 157, 171, 192 N.W.2d 104, 111 (1971).

Section 32.02(1), Stats., empowers certain entities to condemn property. It provides:

> The following departments, municipalities, boards, commissions, public officers and corporations may acquire by condemnation any real estate . . . in case such property cannot be acquired by gift or purchase at an agreed price:
>
> (1) Any county, town, village, city . . . *school district,* the department of health and social services, the department of corrections, the board of regents of the university of Wisconsin system, the building commission, a commission created by contract under s. 66.30, with the approval of the municipality in which condemnation is proposed, or any public board or commission, for any lawful purpose, but in the case of city and village boards or commissions approval of that action is required to be granted by the governing body. A mosquito control commission, created under s. 59.861 may not acquire property by condemnation. (Emphasis added.)

Although empowered to condemn property, an entity must first have a determination of necessity made by a judge under sec. 32.07(3), Stats., unless it is enumer-

615

ated in subsec. (2) as an entity empowered to determine its own necessity. Section 32.07(2) provides in pertinent part:

> (2)   The petitioner shall determine necessity if application is by the state or any commission, department, board or other *branch of state government* or by a city, village, town, county, *board,* commission, public officer, commission created by contract under s. 66.30, redevelopment authority created under s. 66.431, housing authority created under ss. 66.40 to 66.404 or for the right-of-way of a railroad up to 100 feet in width, for a telegraph, telephone or other electric line, for the right-of-way for a gas pipeline, main or service or for easements for the construction of any elevated structure or subway for railroad purposes. (Emphasis added.)

We first examine the school district's claim that the term "board" in sec. 32.07, Stats., encompasses school districts because school districts are governed by school boards. We reject this interpretation for various reasons. First, once one considers sec. 32.02 in conjunction with sec. 32.07, it is clear that the legislature denominated "school districts" as distinct from the entity "boards."

In addition, in defining the term "person" in the eminent domain laws since at least 1919, school districts and boards are enumerated separately as persons. *See* sec. 32.01, Stats. This separate enumeration of boards and school districts as entities empowered to condemn properties, and as "persons" within the purview of the eminent domain laws indicates that "boards" is not a term that encompasses school districts.

Furthermore, the legislature specifically granted power to "school districts" to condemn despite the fact that a district operates through its board. This fact dem-

onstrates that when the legislature intends a grant of power to the school district, it does so by granting the power directly to the school district, which then operates through its board. Consequently, we will not indirectly grant a power to the school district by use of the word "board" where the legislature has indicated that when it intends to do so it grants powers directly to school districts. The use of the term "school districts" in other provisions of the statute is evidence that the legislature did not intend the term "board" to include school districts.

Next we address the school district's contention that, as a branch of state government, it is empowered to determine necessity under sec. 32.07, Stats. In *Neis v. Board of Educ.,* 128 Wis. 2d 309, 381 N.W.2d 614 (Ct. App. 1985), the court acknowledged that school districts act as "state agencies" when exercising the power delegated to them by the state to establish and govern schools. The court, however, went on to state: "It is fundamental that these 'agencies have only such powers as are expressly granted to them or necessarily implied and any power sought to be exercised must be found within the four corners of the statute under which the agency proceeds.' " *Id.* at 314, 381 N.W.2d at 616 (quoting *State ex. rel Farrell v. Schubert,* 52 Wis. 2d 351, 357, 190 N.W.2d 529, 532 (1971)). In sec. 32.07 the phrase "branch of state government" does not expressly grant school districts the power to determine necessity.

Furthermore, because the school district is provided with the alternative of having a judge decide necessity, the power to determine necessity is not a necessarily implied power to exercise its right of condemnation. The school district suggests that the power to determine necessity is necessary to expedite the condemnation process and thereby save the taxpayers' money. Expediency

617

or the potential saving of tax dollars is not sufficient to meet the test of necessity. Therefore, we conclude that the power to determine necessity is not necessarily implied under sec. 32.07, Stats.

Because we are to construe eminent domain laws strictly, and because the legislature specifically granted "school districts" the power to exercise eminent domain but failed to expressly give them the power to determine necessity, we conclude that a school district is not empowered under sec. 32.07, Stats., to make its own determination of necessity. Therefore, the school district falls within the subsec. (3), which requires the determination of necessity to be made by a judge.

The school district also initially argued that the trial court erred by awarding litigation expenses to the property owners under sec. 32.28(3)(a), Stats. The district now concedes that if it does not prevail, an award of litigation expenses was proper under sec. 32.28(3)(b), Stats., which provides:

(3) In lieu of costs under ch. 814, the court shall award litigation expenses to the condemnee if:

. . ..

(b) The court determines that the condemnor does not have the right to condemn part or all of the property described in the jurisdictional offer or there is no necessity for its taking.

Therefore, the issue regarding the award of litigation expenses is moot. Litigation expenses, however, include those expenses incurred on appeal. *Narloch v. DOT,* 115 Wis. 2d 419, 439–40, 340 N.W.2d 542, 552 (1983). Consequently, we remand this case for a determination of reasonable appellate expenses pursuant to sec. 32.28(3)(b).

618

*By the Court.*—Order affirmed and cause remanded with directions.