Merlin WEBER, Barbara Weber, Ryan Weber, Robert Guetchidjian, Jane Guetchidjian and Robert A. Guetchidjian, on their own behalf and on behalf of all others similarly situated, Plaintiffs-Respondents-Cross Appellants,

v.

TOWN OF SAUKVILLE, Marvin O. Hoffman, Town Supervisor, Albin E. Vande Boom, Town Supervisor, and Paul H. Brunnquell, Town Supervisor, Defendants,

PAYNE & DOLAN, INC., Intervening Defendant-Appellant-Cross Respondent. †

Court of Appeals

*No. 94–2336. Submitted on briefs July 28, 1995.—Decided October 25, 1995.*

(Also reported in 541 N.W.2d 221.)

†Petition to review granted.

On behalf of the intervening defendant-appellant-cross respondent, the cause was submitted on the briefs of *William F. White* and *Kimberly Cash Tate* of *Michael, Best & Friedrich* of Madison.

On behalf of the plaintiffs-respondents-cross appellants, the cause was submitted on the briefs of *Alan Marcuvitz* and *Andrea Roschke* of *Weiss, Berzowski, Brady & Donahue* of Milwaukee.

On behalf of the Wisconsin Road Builders Association, there was a brief by *Paul G. Kent, Donald Leo*

*Bach* and *Todd Palmer* of *DeWitt, Ross & Stevens, S.C.* of Madison.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

SNYDER, J.   Payne & Dolan, Inc. appeals a summary judgment order in favor of the respondents, ruling that a conditional use permit for mineral extraction was invalid because it authorized activities not allowed under the Town of Saukville Zoning Code (code), specifically, blasting and crushing. The court also found that Saukville had not followed procedures in the code relating to the application process and the public notice requirement.

The respondents, who are residents of Saukville (Residents), cross-appeal the court's denial of summary judgment on the grounds that more than thirty residences are located within one-half mile of the quarry site. Because we conclude that under the code neither blasting nor crushing is a permissible method of mineral extraction, we affirm. The procedural issues raised by both sides are therefore moot and will not be addressed.

Payne & Dolan builds roads and bridges and for this construction requires sources of minerals. Payne & Dolan met with officials of Saukville, seeking to develop a quarry on a 186-acre site. The code requires that within designated zoning areas, certain uses require a conditional use permit. TOWN OF SAUKVILLE, WIS., ZONING ORDINANCE §§ 4.0-4.12 (1984). In § 4.10, "MINERAL EXTRACTION OPERATIONS" is listed as one of the regulated uses.

Payne & Dolan submitted a conditional use permit application to the town board, and, as required by the code, a date for a public hearing was set by the town

clerk. Notice of the hearing was published,[1] and copies of the notice were mailed to all of the residents within one-half mile of the proposed quarry. Following the public hearing, Payne & Dolan held a tour for the plan commission and the town board of a limestone quarry it operates in the City of Franklin. The town board then decided to seek an environmental assessment of the proposed quarry, although this was not required by the code. Payne & Dolan also invited the public at large to tour the site of the proposed quarry.

Following the completion of the environmental assessment, a public meeting was held to discuss the assessment and review the application process. Shortly after this meeting, upon the recommendation of the plan commission, the town board voted unanimously to grant the conditional use permit to Payne & Dolan.

The Residents complained, alleging that Saukville did not follow the requirements of the code in issuing the conditional use permit, and this failure violated the Residents' rights to due process under the United States Constitution, pursuant to 42 U.S.C. § 1983.[2]

---

[1] A Class 2 notice was required by TOWN OF SAUKVILLE, WIS., ZONING ORDINANCE § 4.4 (1984), and the clerk erroneously thought that such a notice merely required two publications, with the second publication at least a week before the hearing. However, a Class 2 notice requires the publication of two notices, one per week for two consecutive weeks. In addition, the publication notice gave the date of the meeting as Tuesday, February 10, when, in fact, Tuesday was February 11. Realizing the mistake, the town clerk stayed at the town hall on Monday, February 10, until 8:30 p.m., but no one showed up on that date.

[2] A notice of removal was filed by Saukville, and the case was removed to federal court. Party status was granted to intervening defendant Payne & Dolan. All parties moved for summary judgment, and the federal court granted the defendants' motion, dismissing the Residents' federal law claims on

The parties moved for summary judgment and the court granted summary judgment for the Residents, finding that the code does not allow blasting and crushing as permissible methods of mineral extraction, and that procedural errors had occurred during the application process. The court invalidated Payne & Dolan's conditional use permit on the above grounds and this appeal followed.

At issue is whether the code permits blasting and crushing as permissible methods of mineral extraction. We construe applicable sections of the code to make this determination.

The construction of an ordinance under the facts is a question of law. *Hansman v. Oneida County,* 123 Wis. 2d 511, 514, 366 N.W.2d 901, 903 (Ct. App. 1985). An appellate court must decide questions of law independently without deference to the trial court. *See Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). Although the board's interpretation may be entitled to some consideration, we are not bound by its characterization. *Hansman,* 123 Wis. 2d at 514, 366 N.W.2d at 903.

The primary source of statutory construction is the language itself. *Seep v. State Personnel Comm'n,* 140 Wis. 2d 32, 41, 409 N.W.2d 142, 145 (Ct. App. 1987). If the language is clear and unambiguous, the court is precluded from engaging in statutory construction. *State ex rel. Nekoosa Papers v. Board of Review,* 114 Wis. 2d 14, 17, 336 N.W.2d 384, 385 (Ct. App. 1983).

their merits and with prejudice, and remanding the action to the Circuit Court of Ozaukee County for resolution of the state law claims.

When there is no ambiguity, the court must afford statutory language its ordinary and accepted meaning. *Id.*

The test of ambiguity is whether "well-informed persons *could have* become confused." *DOR v. Nagle-Hart, Inc.,* 70 Wis. 2d 224, 227, 234 N.W.2d 350, 352 (1975) (quoted source omitted). While there may be disagreement between the parties as to the meaning of a statute, this is not controlling. *Id.* at 227 n.6, 234 N.W.2d at 352. Nor are we constrained by a long-standing administrative interpretation or construction if the language of the statute can be clearly understood. *Id.* at 227 n.4, 234 N.W.2d at 352.

The ordinance at issue is found in § 4.10 of the code, entitled "MINERAL EXTRACTION OPERATIONS." It provides in relevant part:

> Mineral extraction operations are conditional uses and may be permitted in accordance with the provisions in Sections 4.1 through 4.4 of this Ordinance, except as otherwise provided by this section, in all districts, except in the C-1 Conservancy Overlay District.
>
> Use Restricted. Mineral extraction operations shall include the removal of rock slate, gravel, sand, or any other minerals from earth by *excavating, stripping or leveling*. [Emphasis added.]

TOWN OF SAUKVILLE, WIS., ZONING ORDINANCE § 4.10. At issue is whether the terms "excavating," "stripping" and "leveling" include blasting and crushing.

If words that are used in a statute are not specifically defined, they should be accorded their commonly accepted meaning. *State v. Dekker,* 112 Wis. 2d 304, 311, 332 N.W.2d 816, 820 (Ct. App. 1983). There is a

presumption favoring the common meaning. *Cf. State v. Morse,* 126 Wis. 2d 1, 4-5, 374 N.W.2d 388, 390 (Ct. App. 1985). This meaning may be established by reference to a recognized dictionary. *Dekker,* 112 Wis. 2d at 311, 332 N.W.2d at 820.

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1976) defines "excavating," "leveling" and "stripping" as follows:

> Excavate: to dig out and remove (as earth or mineral matter), *id.* at 791;
>
> Leveling: to make (a line or surface) horizontal: even off: make flat or level, *id.* at 1300;
>
> Stripping: to remove the overburden from (a mineral deposit) in mining, *id.* at 2264.

We conclude from these definitions that this series of terms refers to similar methods of mineral deposit removal, specifically, by machinery and mechanical means. We then turn to a definition of "blasting." "Blasting" is defined as "to shatter (as rock) by an explosive agent." *Id.* at 230. "Blast" is "an explosion or violent detonation as . . . the discharge of a shot or series of shots of an explosive (as dynamite) used to break rock and other solid material." *Id.* The permitted means of mineral extraction listed in the code denote removal by machinery; in contrast, "blasting" is defined as removal through the use of explosives. Blasting cannot be deemed synonymous with the permitted methods of extraction.

Having determined that blasting is not allowed by the code as a permissible method of mineral extraction, it is also clear that the code does not allow the town

board to grant a variance. A section entitled "POWERS" provides in relevant part:

> Variances. To hear and grant appeals for variances as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement will result in practical difficulty or unnecessary hardship, so that the spirit and purposes of this Ordinance shall be observed and the public safety, welfare, and justice secured. *Use variances shall not be granted.* [Emphasis added.]

TOWN OF SAUKVILLE, WIS., ZONING ORDINANCE § 9.4. We conclude that the town board did not have power under the code to grant a conditional use permit which allowed blasting, and we therefore affirm the trial court.

The parties have also raised the issue of whether the code allows for the "crushing" of quarried stone under a conditional use permit. We conclude that Saukville cannot grant a conditional use permit under the code to include rock crushing as a part of mineral extraction because crushing is a distinct manufacturing process. It is not an inherent part of extraction; it takes place after the mineral is excavated. Rock crushing mechanically reshapes and classifies already extracted minerals so as to give them commercial value. Rock crushing can be performed off-site, and we are led to conclude that it is not covered by § 4.10. Nowhere in the code is rock crushing listed as either a permitted or conditional use. Therefore, the grant of a conditional use permit which included rock crushing was improper under the code.

As we have concluded that Saukville had no authority under its code to issue a conditional use permit which allowed blasting and crushing activities, the

839

procedural issues raised in this appeal are moot. As a general rule, this court will not determine abstract principles of law. *City of Racine v. J-T Enters. of Am.,* 64 Wis. 2d 691, 700, 221 N.W.2d 869, 874 (1974). Since any further determination would fail to have any practical effect, we decline to address the procedural issues raised in the appeal and the cross-appeal.

 *By the Court.*—Judgment and order affirmed.