STATE of Wisconsin, Plaintiff-Respondent,

v.

Harold E. MORSE, Sr., Defendant-Appellant.†

Court of Appeals

*No. 85–209–CR. Submitted on briefs June 24, 1985.—*
*Decided August 6, 1985.*
(Also reported in 374 N.W.2d 388.)

---

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the appellant there were briefs by *Margaret A. Maroney,* first assistant state public defender.

For the respondent there was a brief by *Bronson C. La Follette,* attorney general, and *Mary Batt,* assistant attorney general.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J. Harold Morse appeals a judgment of conviction for having had sexual contact with a person over the age of twelve years and under the age of sixteen years, contrary to sec. 940.225(2)(e), Stats. He

also appeals an order denying his motion for post-conviction relief. The state accused Morse of intentionally touching a fourteen-year-old girl's vagina through her clothing. Morse argues that the trial court incorrectly instructed the jury that touching the "vaginal area" of the victim constituted sexual contact. He contends that the vaginal area includes more than just the "vagina," which is the prohibited subject of touching. Morse also claims that the state presented insufficient evidence that he touched the victim's vagina. He contends that the testimony that he placed his hand between the victim's legs on her "crotch" lacked sufficient specificity to establish that he touched her vagina. Because the instruction correctly defined sexual contact, and because the evidence is sufficient to establish guilt, we affirm the judgment and order.

## DEFINITION OF VAGINA

Section 940.225(2)(e) prohibits sexual contact with a person who is over the age of twelve years and under the age of sixteen years. Section 940.225(5)(a), Stats., defines sexual contact as any intentional touching of a person's "intimate parts" for the purpose of degrading or humiliating the victim or sexually arousing or gratifying the defendant. Section 939.22(19), Stats., defines intimate parts as the breast, buttock, anus, groin, scrotum, penis, vagina, or pubic mound of a human being. Here, the state accused Morse of touching the victim's vagina. We must determine whether the trial court improperly broadened the scope of criminal liability under sec. 940.225(2)(e) by defining the relevant intimate part as the "vaginal area."

We begin our analysis by defining the statutory term "vagina." Although the legislature defined "intimate parts" as including vagina, it did not specifically define

that term. An undefined statutory term ordinarily must be given its plain meaning. *State v. Wittrock,* 119 Wis. 2d 664, 670, 350 N.W.2d 647, 651 (1984). Nontechnical words in statutes are given their ordinary and accepted meaning when not specifically defined, and that definition may be ascertained from a recognized dictionary. *Id.*

The dictionary defines "vagina" as a musculomembranous tube that forms the passageway between the cervix and the vulva. Taber's Cyclopedic Medical Dictionary at 1830 (15th ed. 1985). This medical definition excludes most of the female external genitalia. The external genitalia collectively are termed the vulva. Taber at 672. The vulva consists of the labia majora, labia minora, clitoris, vestibule of the vagina, vaginal opening and bulbs of the vestibule. Taber at 1868. Construing the vagina according to its medical definition, therefore, results in a very limited area that cannot be touched.

■

We conclude that the legislature intended the term vagina to have a broader meaning that its literal medical definition. A statute must be construed in light of its manifest object and the evil to be remedied. *State v. Clausen,* 105 Wis. 2d 231, 239, 313 N.W.2d 819, 823 (1982). A statute also should be construed to avoid an unreasonable or absurd result. *State v. Burkman,* 96 Wis. 2d 630, 642, 292 N.W.2d 641, 647 (1980). To define vagina according to its medical definition would permit a defendant to touch almost the entire female external genitalia without legal consequence. Such a construction is contrary to the legislature's intent that sec. 940.225, Stats., "broaden the protections afforded by what had previously been referred to as crimes against sexual morality." *State v. Eisch,* 96 Wis. 2d 25, 37, 291 N.W.2d 800, 806 (1980). Moreover, it is absurd to con-

strue vagina so narrowly as to permit touching of the external female genitalia.

Our conclusion that vagina has a broader meaning than its literal medical definition is supported by the rule that statutes should be construed to avoid making a word or phrase superfluous. *Green Bay Broadcasting Company v. Redevelopment Authority*, 116 Wis. 2d 1, 19, 342 N.W.2d 27, 35 (1983). Section 940.225(2)(e) prohibits both sexual contact with the vagina and sexual intercourse. Sexual intercourse is defined as any intrusion of any body part into a person's genital or anal opening, sec. 940.225(5)(b), Stats., or vulvar penetration. Section 939.22(36), Stats. Because the labia majora of the vulva surrounds the vaginal opening, *see* Taber at 915, touching the vagina requires vulvar penetration. Limiting vagina to its medical definition, therefore, means that touching the vagina also constitutes sexual intercourse. This construction makes the prohibition against touching the vagina superfluous.

We construe vagina as used in sec. 939.22(19) to mean the female external genitalia, or vulva. This is a practical construction that prohibits contact with the female genitalia. It is inconceivable that the legislature did not intend vagina to be construed this broadly in a statute defining intimate parts. Section 940.225(5)(a), Stats., supports this construction by defining sexual contact to include touching the vagina through clothing. Contact with the vagina through clothing would be practically impossible if vagina is given its medical definition. Our construction also is supported by the fact that closely related statutes specifically refer to "genital opening," sec. 940.225(5)(b), and "vulvar penetration," sec. 939.22(36), Stats. Statutes relating to the same subject matter are construed together. *Burkman*, 96 Wis. 2d at 642, 292 N.W.2d at 647.

## CORRECTNESS OF INSTRUCTION

We next address the correctness of the jury instruction defining the relevant intimate part as the "vaginal area." Morse contends that this instruction can reasonably be interpreted to include body parts that are not within the proscribed area of touching. Applying the appropriate definition of vagina, we must determine whether "vaginal area" reasonably implies a broader area than the external female genitalia.

The instruction did not expand the scope of the area of prohibited touching. The trial court had wide discretion to choose the language and emphasis of the jury instructions as long as they fully and fairly informed the jury of the rules of law applicable to the case. *State v. Vick,* 104 Wis. 2d 678, 690, 312 N.W.2d 489, 495 (1981). We conclude that a reasonable jury would construe the phrase "vaginal area" to refer to the female genitalia. This conclusion is consistent with *State ex rel. Skinkis v. Treffert,* 90 Wis. 2d 528, 541, 280 N.W.2d 316, 322 (Ct. App. 1979), where we held that the "vaginal area" of a child was an enumerated intimate part within the prohibition against touching. *See also State v. Gustafson,* 119 Wis. 2d 676, 696, 350 N.W.2d 653, 663 (1984) ("pubic area" is an intimate part covered by statute prohibiting touching of breast, buttock, anus, scrotum, penis, vagina or pubic mound).

## SUFFICIENCY OF EVIDENCE

Morse also challenges the sufficiency of the evidence to prove that he touched the victim's vaginal area. He claims that the testimony that he touched the victim's crotch is insufficient because she did not define the term "crotch." Evidence is sufficient if the jury, acting rea-

sonably, could have found guilt beyond a reasonable doubt. *State v. Alles,* 106 Wis. 2d 368, 376, 316 N.W.2d 378, 382 (1982). We view the evidence most favorably to the verdict, and we will not overturn a jury's verdict unless the evidence is inherently or patently incredible, or so lacking in probative value that no jury could have found guilt beyond a reasonable doubt. *Id.* at 376–77, 316 N.W.2d at 382. If more than one inference can be drawn from the evidence, the inference that supports the evidence must be followed unless the testimony was incredible as a matter of law. *Id.*

We conclude that the evidence is sufficient to prove that Morse touched the victim's vaginal area. Contrary to Morse's contention, the victim unequivocally stated that Morse placed his hand on her crotch. She also stated that "he put his hand in between my legs in the crotch." In the context of this testimony, a reasonable jury could infer that the term "crotch" referred to the victim's vaginal area. Sufficient evidence therefore supports the verdict.

*By the Court.*—Judgment and order affirmed.