STATE of Wisconsin, Plaintiff-Appellant,

v.

Alvin TAYLOR, Defendant-Respondent.

Court of Appeals

*Nos. 87–1532–CR, 87–1612–CR. Submitted on briefs September 30, 1987.—Decided October 20, 1987.*

(Also reported in 417 N.W.2d 192.)

For plaintiff-appellant there was a brief by *Donald J. Hanaway,* attorney general, and *William L. Ganser,* assistant attorney general of Madison.

For defendant-respondent there was a brief by *Michael Tobin,* assistant state public defender, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. In this interlocutory appeal, the state seeks review of the trial court's denial of its pretrial motions to obtain Alvin Taylor's past psychiatric treatment records. The trial court denied the state's

motions because it concluded that the records were confidential and apparently that their disclosure was not authorized by statute.

We conclude that Taylor's past psychiatric records ceased to be privileged when Taylor entered a plea of not guilty by reason of mental disease or defect, and that the removal of the privilege removed the cloak of confidentiality from the records. We further conclude that no independent authority need exist authorizing the trial court to grant the state's motion. For these reasons, we reverse and remand with directions.

The relevant facts are undisputed. The defendant, Alvin Taylor, is charged with first-degree murder in two separate Dunn County cases. In each case, Taylor pled not guilty and not guilty by reason of mental disease or defect. The trial court appointed two psychiatrists to examine Taylor and submit reports of his sanity at the time of each of the alleged offenses.

Taylor has had a long history of psychiatric treatment. Taylor's attorney reviewed the treatment records and disclosed only portions of the records to the psychiatrists.

Initially, the state sought the disclosure of Taylor's past medical, psychological, and psychiatric treatment records. However, the court denied this motion because the state's request was overbroad and no statutory authority existed for the request.

Later, the state renewed its motion for disclosure, but limited its request to certain psychiatric treatment records from specific doctors and institutions. Again, the trial court denied the motion. The court found that the treatment records were confidential and that the state was not entitled to obtain them

apparently on the theory that their disclosure was not authorized by statute.[1]

The standard of review of the trial court's decisions is whether the trial court abused its discretion by prohibiting disclosure of Taylor's treatment records. Discretion is abused if the trial court acts on an erroneous view of the law. *Earl v. Gulf & Western Mfg. Co.*, 123 Wis. 2d 200, 204–05, 366 N.W.2d 160, 163 (Ct. App. 1985). We decide questions of law without deference to the determinations made by the trial court. *Ball v. District No. 4 Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

The trial court advanced two reasons for prohibiting the state from obtaining the records in question. We conclude that both of these reasons were based on an erroneous view of law and, accordingly, hold that the trial court abused its discretion.

The trial court first denied the state access to Taylor's psychiatric treatment records because the records were confidential. We do not agree that Taylor's treatment records are confidential under secs. 51.30(4)(a) and 905.04(4)(c), Stats.

Section 51.30(4) (a) provides in part:

> (4) Access to registration and treatment records. (a) *Confidentiality of records.* Except as otherwise provided in this chapter and ss. 905.03 and 905.04, all treatment records shall remain confidential and are privileged to the subject individual. Such records may be released only to the persons designated in this chapter or ss. 905.03

---

[1]Neither at trial nor on appeal did Taylor raise the issue whether the state's modified request was overbroad. Accordingly, we do not address this issue.

and 905.04, or to other designated persons with the informed written consent of the subject individual as provided in this section. This restriction applies to elected officials and to members of the boards appointed under s. 51.42(4)(a) or s. 51.437(7)(a).

Section 51.30(4)(a), by its terms, recognizes the confidentiality of medical treatment records that arises from the physician-client privilege. It also recognizes that the privilege is not absolute and may be removed by the provisions of sec. 905.04(4)(c), which provides:

> There is no privilege under this section as to communications relevant to ... an issue of the physical, mental or emotional condition of a patient in any proceedings in which he relies upon the condition as an element of his claim or defense
> ....

■ The Wisconsin Supreme Court has determined that sec. 905.04(4)(c) may remove the physician-client privilege when a defendant relies upon a mental condition as an element of his defense. *State v. Johnson,* 133 Wis. 2d 207, 226, 395 N.W.2d 176, 185 (1986). In *Johnson,* the court addressed the issue whether under ch. 905, Stats., the defendant waived his physician-patient privilege with respect to the testimony of two psychiatrists by introducing the issue of competency. *Id.* The court held that the defendant waived his physician-patient privilege on other grounds. *Id.* However, the court also stated:

> [W]e note that the introduction of the *issue* of competency, by itself, may waive the privilege under sec. 905.04(4)(c).
> ....

40

[W]e note that sec. 905.04(4)(c) was patterned after proposed Federal Rule of Evidence 504(d)(3), *see* Judicial Council Committee's Note, Wisconsin Rules of Evidence, 59 Wis. 2d R121, R128 (1973), and that the Federal Advisory Committee's Note to proposed rule 504(d)(3) states: "By injecting his condition into litigation, the patient must be said to waive the privilege, in fairness and to avoid abuses." 56 F.R.D. 183, 244 (1973).

*Id.* (Footnote omitted.)

█

From the terms of these statutes and the court's reasoning in *Johnson,* we conclude that Taylor lost his physician-patient privilege with respect to his past psychiatric treatment records. Section 51.30(4)(a) provides confidentiality to records that are privileged, but does not create a cloak of confidentiality independent of the privilege itself. Once the privilege is removed the confidentiality is also removed. Therefore, when Taylor entered a plea of not guilty by reason of mental disease or defect, he lost his physician-patient privilege by virtue of the provisions of sec. 905.04(4)(c). Once he lost the privilege, he also lost confidentiality for his treatment records under sec. 51.30(4)(a).

Taylor argues that the state's access to Taylor's psychiatric treatment records should be denied because to do so would permit the state discovery that is not authorized by statute. The trial court apparently accepted this argument in determining that the state could not obtain the treatment records until the commencement of trial. We disagree.

█

The state's attempt to obtain relevant evidence in the possession of a third party is not properly categorized as discovery and, thus, not subject to indepen-

dent statutory authority. The state's right to obtain nonprivileged relevant evidence held by third parties for presentation at trial is the same whether the evidence is records, documents, or physical evidence. Here, the treatment records are relevant documentary evidence that go to the issue of sanity prior to trial. Therefore, just as the state has the right to obtain relevant evidence by subpoena or search warrant, the state has a right to obtain the treatment records here by court order.

Although we hold that no independent statutory authorization need exist for the state to obtain the records in question, we note that sec. 51.30(4)(b)4, Stats., does empower the court to order the release of past treatment records.[2] This provision creates a vehicle to test the question of confidentiality attaching to medical records should one exist, to obtain a protective order if the request is overbroad, to challenge the admissibility or relevance in the appropriate case, or to prohibit disclosure because of other legal impediments.

Taylor contends that sec. 51.30(4)(b)4 does not by itself empower the court to act, but requires some additional enabling statute before the state can obtain the records. Such a contention is inconsistent with the language of the statute and common sense.

The language of sec. 51.30(4)(b)4 is not limited or conditioned in any fashion as Taylor suggests. The

---

[2]Section 51.30(4)(b)4 provides:

(b) *Access without informed written consent.* Notwithstanding [sec. 51.30(4)(a)], treatment records of an individual may be released without informed written consent in the following circumstances, except as provided under [sec. 51.30(4)(c)]:

. . . .

4. Pursuant to lawful order of a court of record.

language that the court's order be "lawful" is designed to test the request for disclosure against any objection that may be raised. Once the court determines that the records may properly be released, the court is empowered to order the release. Taylor's interpretation of sec. 51.30(4)(b)4 that the language "lawful order" requires independent authorizing statutes would render this provision meaningless. If additional authority were required, that authority alone would enable the records to be reached without the benefit of sec. 51.30(4)(a). We will not construe statutory provisions as to render language superfluous. *State v. Morse,* 126 Wis. 2d 1, 5, 374 N.W.2d 388, 390 (Ct. App. 1985).

In addition, Taylor would have us conclude that while the legislature has removed confidentiality and authorized the release of these records by lawful order of the court, the state may still not obtain these records prior to the start of trial. We will not adopt an interpretation that ignores the statutory provisions and common sense. *Maxey v. Redevelopment Authority,* 120 Wis. 2d 13, 20, 353 N.W.2d 812, 816 (Ct. App. 1984). Instead, we conclude that the provision of sec. 51.30(4)(b)4 empowers a court to order the release of past psychiatric records when no legal impediment to their release exists.

Accordingly, we hold that when Taylor entered pleas of not guilty by reason of mental disease or defect, he lost his claim of physician-patient privilege and the confidentiality of his treatment records was removed. Once the treatment records ceased to be confidential, the state could then reach the records as they would any other evidence in the possession of a third party. The state's request for disclosure may be entertained by the court under sec. 51.30(4)(b)4 where

43

the questions of confidentiality, relevance, and admissibility may be resolved. Having determined that there is no legal impediment to the disclosure of the records, the trial court is empowered to order their release to the state.

Therefore, we reverse and remand the matter to the trial court with directions to grant the state's request for disclosure unless Taylor can advance an objection to the treatment records' release on other grounds.[3]

*By the Court.*—Orders reversed and cause remanded with directions.

---

[3]In their briefs, neither party raises the issue whether sec. 905.11, Stats., applies. Although Taylor's attorney has disclosed certain treatment records to the court-appointed psychiatrists, the parties may dispute whether Taylor has disclosed a significant part of the material at issue. We need not address whether such disclosure is a waiver because we have reached the same result on other grounds.